## JOHN TANEY v. JOHN EDWARDS.

In an action of damages for malicious prosecution, the plaintiff below recovered judgment against the defendant, who appealed therefrom to the Supreme Court. Pending the appeal, the death of both parties is suggested to the Supreme Court. *Held*, that being founded on a cause of action which does not survive, the suit abates.

To determine what actions survive in favor of or against the representative of a deceased party, recourse must be had to the common law, inasmuch as our statutes enact no rule on the subject.

APPEAL from Travis. Tried below before the Hon. A. W. Terrell.

This was an action for malicious prosecution, brought by the appellee against the appellant. There was verdict and judgment in favor of Edwards, at the Fall Term, 1859, for $250; for which Taney, the defendant, appealed.

The opinion states all other necessary facts.

*Chandler & Turner*, for the appellant:

*Sneed & Walton*, for the appellee.

MOORE, J.—This is an action for malicious prosecution. Since the case has been pending in this court, both of the parties have died, and upon a suggestion of their death at a former term of the court, it was revived in the names of their representatives. These orders were made by the court without an inspection of the record, or its attention being called to the character of the suit. The act to regulate proceedings in the District Court, provides that in suits when the plaintiffs or defendants shall die before verdict, if the cause of action survive, the suit may be continued by or against their respective representatives. And when, in such cases, parties have died pending an appeal in this court, it has been the settled practice since the organization of the court, upon a suggestion of their death, to permit their representatives to be made parties. And the court has uniformly held that the representa-

tives of the deceased party must be made a party to the record before a judgment could be entered. If this be the correct practice, and it has been too long and well recognized for us now to question it, unless the case is one in which the cause of action survives, the suit must abate by the death of a party pending an appeal or writ of error. Our statutes do not define the suits in which the cause of action will survive either for or against the representative of a deceased party. Hence, to determine this, we must look to the common law; and here we find it a fixed rule, "that in all cases of injuries to the *person*, whether by assault, battery, false imprisonment, slander, or otherwise, if either the party who received or committed the injury die, no action can be supported either by or against the executors, or other personal representatives." (1 Chitty Pl., 68.) By the common law, however, the suit does not abate after judgment, and it may, therefore, be said that it should not do so here after the judgment in the District Court. But the practice with us seems to have gone upon the idea that the appeal or writ of error opened the judgment or proceedings in the court below so as to require new parties to be made for the further prosecution of the case. The verdict and judgment of the District Court might, by the appeal, be set aside, or annulled; and until this was finally determined by the appellate tribunal, the party in whose favor the cause of action survived was not, on the one hand, deprived of the privilege of suggesting the death of the party in right of whom he asked to appear; nor, on the other hand, was he relieved of the necessity of so doing.

This principle appears to be recognized and approved by the Supreme Court of Pennsylvania. The statute of that State provides, in case of the death of either party before final judgment, the action shall not abate, "if the cause of action does by law survive;" and by another statute regulating arbitrations, it is enacted that the award of arbitrators shall have the effect of a "judgment, and shall operate as a lien upon real estate until such judgment be reversed on an appeal."

In the case of Miller v. Umbehower, 10 Serg. & Raw., 31, the plaintiff died pending the prosecution of an appeal by the defendant from a judgment against him, given by arbitrators, and

15*

the court held, as the cause of action did not survive, that the award abated, and the entire proceeding was at an end.

It appearing from the suggestion of counsel heretofore made in this cause, that the plaintiff and defendant are both dead, and the case not being one of that character in which a right of action survives, it is considered and adjudged by the court that the same by reason of the death of said parties do abate.

Suit abated.