## S. W. MARCH *v.* THE STATE.

1. ABATEMENT. — Death of the appellant, pending his appeal in a criminal case, abates the entire proceedings, even though the judgment appealed from imposed a pecuniary fine. Note the distinctions taken between the effect of appeals in civil and in criminal cases.

2. SAME — PRACTICE IN THIS COURT. — Pending an appeal to this court from a judgment imposing a fine, the appellant died; and his widow now suggests his death, and moves that the entire prosecution be abated. *Held*, that the motion must prevail.

APPEAL from the District Court of Smith. Tried below before the Hon. M. H. BONNER.

The appellant was indicted in three different cases, for assaults with intent to murder. In each case he was convicted of aggravated assault and battery, and adjudged to pay a fine of $500. He appealed from all the judgments, but died before they were reached for decision. Mrs. Sara March, his widow, by her attorneys, suggests the death of the appellant, and moves that all the proceedings be abated.

*Robertson & Finlay*, for the widow of the appellant, moved for judgment abating the entire proceedings, on account of the death of the appellant.

*George McCormick*, Assistant Attorney-General, and *W. S. Herndon*, for the State.

W<span>INKLER</span>, J. In this case, the appellant was indicted and tried in the District Court on a charge of assault with intent to murder. On the trial, the jury acquitted the accused of an assault with intent to murder, but found him guilty of an aggravated assault and battery, and imposed a pecuniary fine as the penalty, upon which a judgment was entered, from which this appeal was prosecuted; the accused entering into recognizance with security, conditioned that the appellant "appear before the District Court of the county of Smith, on the second Monday of September next, there to remain from day to day and from term to term, and not depart without leave of said District Court, in order to abide the judgment of the Court of Appeals of the State of Texas."

The transcript was filed in this court at the Tyler branch, September 24, 1878. On October 8, 1878, Mrs. Sara March, the surviving wife of the appellant, by her attorneys, suggested in this court "that S. W. March, the defendant in the court below and appellant in this court, departed this life after perfecting the appeals" (the suggestion and

motion embracing this and two other cases), and moved the court " to abate the proceedings in all of the cases." There is no controversy as to the fact that the appellant died after this appeal had been perfected, and whilst it was pending and undetermined in the court ; and the only question presented here for consideration is whether, under this state of the case, the prosecution abates by the death of the appellant, or does it survive against his estate.

It is insisted, on the part of the representative of the State, " that the effect of an appeal, in this State, is simply to suspend the execution of the judgment of the court below, and not to vacate or annul it ; and that, in the case at bar, the action does not abate unless the judgment be reversed and the cause remanded for a new trial ; " and that, at most, this court should only dismiss the appeal, and leave the judgment below as if no appeal had been taken.

So far as we have examined the authorities cited in support of this argument, we find that they generally relate to civil actions to recover damages on account of personal injury to the person, character, or property of the plaintiff, such as come under the general description, at common law, of actions *ex delicto*, in contradistinction to actions *ex contractu*.

The main case cited by the appellee, and relied upon in resistance of the motion to abate, is *Gibbs* v. *Belcher*, 30 Texas, 79.

In that case, Belcher sued Gibbs for an assault and battery, and recovered a judgment.  Gibbs sued out a writ of error ; and after that, Belcher died, and Gibbs moved the court to abate the writ and dismiss the cause, for the reason that the cause of action was a *tort*, or an injury to the person of Belcher, and did not survive in favor of his representatives.  There, Belcher was plaintiff and Gibbs defendant. It was the plaintiff, Belcher, who died, after Gibbs, the

defendant, had moved the cause by writ of error to the Supreme Court.   Here, it is the defendant who has died.

In that case, the court said, and correctly, we think, "A cause of action arising from a personal injury to a party, in no way connected with a contract at common law, dies with either party, and with it the remedy;" citing the maxim, *Actio.personalis moritur cum persona.*   The court then proceeded to consider the cases of *Taney* v. *Edwards,* 27 Texas, 224, where it was held that an appeal in actions of this character had the effect of opening the judgment below, and upon the death of either party, pending the appeal, the cause abated, and the judgment did not survive; and *Cherry* v. *Spright,* 28 Texas, 503, where it was said, with reference to *Taney* v. *Edwards,* "the correctness of this opinion was questioned, and held open for further investigation."   And in the latter case, in speaking of the former, the court further says : " And from the examination we have been enabled to give the subject here, we are of opinion that it was incorrect, and in future will be regarded as overruled."   It was there held that the action survived, and the motion to abate the suit was refused.

It is not a question in the present case whether, in a civil suit for a personal injury, the tort is merged in the judgment or not ; and on this question we are not called upon, nor do we intend, to express an opinion.   Suffice it to say, that so far as we have examined the cases relied upon by counsel for the appellee, they do not apply to, nor do they have any controlling influence on, the present one.

We are of opinion that, in a purely criminal prosecution, the case is pending so long as the question of the guilt or innocence of the accused remains undetermined, and that the proceedings are not definitely settled when the law gives the right of appeal, and the party has availed himself of that right in the manner and within the time prescribed by law.   Under the general title of " Definitions," in the Penal

Code, it is provided, in article 25, that " a *criminal action*, as used in this Code, means the whole or any part of the procedure which the law provides for bringing offenders to justice, and the terms ' prosecution,' ' criminal prosecution,' ' accusation,' ' criminal accusation,' are used in the same sense." Pasc. Dig., art. 1627.

An appeal may be taken by the defendant in every (criminal) case where a judgment of conviction has been rendered against him in the District Court; and when the defendant appeals in a case of felony, he shall be committed to jail; and in cases of misdemeanor, when the defendant appeals, he must likewise be committed to jail, " unless he enter into recognizance to appear before the court [in which he was convicted] to abide the judgment of the Supreme Court," now the Court of Appeals. Code Cr. Proc., arts. 719, 721, 722 (Pasc. Dig., arts. 3183, 3185, 3186).

As to the effect of an appeal, the Code declares as follows: " The effect of an appeal is to suspend and arrest all further proceedings until the judgment of the Supreme Court [now the Court of Appeals] has been received by the District (or County) Court." Code Cr. Proc., art. 727 (Pasc. Dig., art. 3191).

Now, the right of appeal being granted in every case where judgment of conviction has been rendered, and the effect of an appeal being to suspend and arrest all further proceedings until the judgment of the Court of Appeals has been received by the court in which the conviction was had, can it be said that the criminal proceeding is not still pending, and does not continue to remain so pending until the appeal shall be decided, and the judgment of the court has been received in the court below? We think not; and particularly when the law provides that the judgment in a criminal action, upon appeal, may be wholly reversed and dismissed, or may be remanded for further proceedings in the court below, as the law and the nature of the case may

require, and that the Court of Appeals " may revise the judgment in a criminal action, as well upon the law as upon the facts," and when the judgment shall be reversed for the reason that the verdict is contrary to the weight of the evidence, the case shall be remanded for a new trial. Code Cr. Proc., arts. 742, 744 (Pasc. Dig., arts 3208, 3210).

Our view of the law is further strengthened by noticing the difference between the conditions required in a recognizance on appeal and those of an appeal-bond in a civil suit, the conditions in a recognizance being that the defendant who is charged shall abide the judgment of the Court of Appeals. Pasc. Dig., art. 6599. In a civil suit, the bond is conditioned for the prosecution of the appeal with effect, and *perform the judgment*, sentence, or decree of the Supreme Court, or the Court of Appeals, as the case may be, in case the decision of said court shall be against the appellant. Pasc. Dig., art. 1491. In moving a cause to the appellate court, whether the Supreme Court or this court, by writ of error (which is but another mode of appeal), the bond is conditioned that the party obtaining the writ of error shall comply with the judgment, order, or decree of the Supreme Court or Court of Appeals upon such writ, and well and truly pay all such damages as may be awarded against him; which bond, the law declares, shall have the force and effect of a judgment against all the obligors, upon which execution may issue in case of forfeiture. Pasc. Dig., art. 1495. Judgment on forfeited recognizances, bailbonds, or bonds taken for the prevention or suppression of offences, may be moved to the Supreme Court by appeal or writ of error, under the rules prescribed in civil suits. Pasc. Dig., art. 3203.

In cases of misdemeanor where no formal sentence is to be pronounced, no proceedings need be had after filing the mandate in the court below, but the cause stands as it would have stood in case no appeal had been taken, and the

recognizance of the defendant may be forfeited, or a *capias* issued to enforce the punishment adjudged, whether of fine or imprisonment, or both, in the same manner as if no appeal had been taken. Code Cr. Proc., art. 749 (Pasc. Dig., art. 3215).

This action, however, can be taken only after an appeal shall have been decided, and the mandate of the court shall have been received by the District or County Court.

But we need pursue this investigation no further. Enough has been said to show that, in any view to be taken of the subject, the clear distinction between appeals in civil suits, whether upon *contract* or *tort*, and prosecutions purely criminal, must be apparent. We are of opinion, then, that in a criminal prosecution, when the accused has taken an appeal in the manner prescribed by law, the proceeding is still pending and undetermined until the appeal shall have been decided; and that in case the appellant die whilst the appeal is pending and undetermined, the prosecution or the criminal action does not survive, but, on the death of the appellant pending the appeal, the prosecution abates *in toto,* whatever be the judgment appealed from.

In the present case, it appearing to this court that the appellant has departed this life since this appeal was perfected, and whilst it was pending in this court, undetermined, the motion to abate the proceedings must prevail, and the proceedings against the appellant disclosed by the record be abated.

This opinion applies also to cases Nos. 446 and 447, appealed by the same party.

*Ordered accordingly.*[1]

---

[1] Ector, P. J., did not sit in this case.