Opinion delivered May 31, 1887.

---

## No. 5662.

### TEXAS & PACIFIC RAILWAY COMPANY *v.* GRACE RICHARDS.

1. RIGHT OF ACTION.—A right of action given by the laws of another State can not be enforced by suit in a Texas court, when the right claimed is denied at common law, and is not secured by the Constitution or statutes of this State.

2. SAME—DAMAGES.—The statutes of Louisiana subrogate the child, on the death of the father, to such right as the father had to recover damages for an injury inflicted on him.   No such right exists by virtue of a Texas statute, and such a cause of action did not survive the death of the parent at common law.   A suit was brought in Texas by a child to recover such damages as the father could have recovered for injuries inflicted on him in Louisiana, had his death not resulted from the injury. *Held*, the action could not be maintained.

APPEAL from Grayson.   Tried below before the Hon. Richard Maltbie.

*Brown & Gunter*, for appellant, cited Dora Willis v. Missouri Pacific Railway Company, 61 Texas, 434; Cooley on Torts, 472; McCarthy v. Chicago, Rock Island & Pacific Railroad Company, 26 American, 742; Whitford v. Railroad Company, 23 New York,

465; Mahler v. Norwich Company, 45 Barbour, 226; 2 American and English Railway Cases, 158, and citations; Rohrer's Interstate Law, 155, 156; Weeks's Damnum Absque Injuria, 34; Vawter v. Missouri Pacific Railway Company, Supreme Court of Missouri.

*G. G. Randell* and *Woods, Wilkins & Cunningham,* for appellee, cited 3 Sutherland on Damages, 284; 3 Woods's Railway Law, section 411, page 1532; Dennick v. Railway Company, 103 United States, 11; Leonard v. Columbia Steam Navigation Company, 84 New York, 48; Boyce v. Wabash Railway Company, 63 Iowa, 70.

STAYTON, ASSOCIATE JUSTICE. This action was brought by Grace Richards, a minor, through her next friend, to recover damages for an injury done to her father in the State of Louisiana, from which, in that State, he died within a few hours after he received the hurt.

The action is brought to recover such damages as the father of the plaintiff might have recovered had his death not resulted from the injury, and not to recover damages for injury resulting to the plaintiff from the death of her father, which, under the statutes of this and many of the other States, may be recovered by those sustaining given relations to a person whose death results from the negligent or wrongful act of another.

The statute in force in the State of Louisiana at the time the father of the plaintiff was injured and died, was pleaded, and was as follows: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. The right of this action shall survive, in case of death, in favor of the minor children and widow of the deceased, or either of them, and in default of these, to the surviving father or mother, or either of them, for the space of one year from the death. Every person is responsible for the damage he occasions, not merely by his acts, but by his negligence, his imprudence or his want of skill. We are responsible not only for the damages occasioned by our own act, but that which is caused by the act of persons for whom we are responsible, or of the things we have in custody."

It is alleged that this provision of the Louisiana law applies to corporations, and of this there can be no reasonable doubt. It is futher alleged that the persons in whose favor the cause of action survives under the statute, may recover such damages as

the person injured might have recovered had death not ensued, and none other. There can be no doubt of the correctness of this construction of the Louisiana statute.

That statute does not give a cause of action to the person immediately injured, where none existed before; and the first clause simply asserts a rule well recognized, we may say, by the laws of all civilized nations, under which the injured person would be given relief by the courts of any country having jurisdiction over the person of the offending party. The second clause of the statute, however, makes this cause of action to survive the death of the injured person, and subrogates the persons sustaining the relationships named to the right, which the injured person had during his life, to enforce that cause of action. This is illustrated by the decisions made before and since the second clause of the statute was added. (Hubgh v. Railroad Company, 6 La. An., 495; Hermann v. Railroad Company, 11 La. An., 22; Earhart v. Railroad Company, 17 La. An., 244; Frank v. Railroad Company, 20 La. An., 26; Van Amburg v. Railroad Company, 37 La. An., 651.)

The sole right the appellee has to enforce the cause of action which accrued to her father, is based on the statute of Louisiana. That statute confers a right which before its passage did not exist even in that State, as may be seen by an examination of the cases to which we have referred.

As that statute can not be operative here, can the right, which it gives, be enforced in this State?

There are three classes of cases in which the question may arise as to whether a right given solely by the statutes of one State will be enforced in the courts of another.

1. Cases in which a right given by the statutes of one State is sought to be enforced in the court of another, in which laws exist giving a like right under the same facts; and in this class of cases, while there is some conflict of decision, it seems to be generally held that courts of the latter State will recognize and enforce the right given by the statutes of another State. Dennick v. Railroad Company, 103 U. S., 17; Boyce v. Railroad Company, 63 Iowa, 72; Leonard v. Navigation Company, 84 N. Y., 48.)

The facts of the case before us do not bring it within this rule, and it becomes unnecessary to consider what, if any, qualifications ought to be made to it.

2. When facts transpire in a State whose laws give no right of

action upon them, and an action based on those facts is brought in another State under whose laws a right of action would exist had the facts transpired within its jurisdiction. In this class of cases it is held that no action can be maintained. Within this class fall the following cases: Willis v. Railroad Company, 61 Texas, 432; Whitford v. Railroad Company, 23 New York, 465; Needham v. Railroad Company, 38 Vermont, 295; State of Maryland v. Railroad Company, 45 Maryland, 41; Le Forest v. Tolman, 117 Massachusetts, 109.

3. Cases in which a right of action given by the statutes of one State is sought to be enforced in a State whose laws deny the right given by the statutes of another; and in this class of cases it would seem necessarily to follow that the court of the State in which the action is brought would be compelled to follow the law of the State in which it sits, whose laws only has it the power to enforce. This would seem to be true, whether the law of such State affected the right or only the remedy.

Under the statutes of Louisiana, the cause of action, which the father of the appellee had, survived to her for the period of one year. That she seeks to assert a right of action which existed before her father's death, renders it none the less, as to her, a right conferred by the statutes of Louisiana, and without which she could not have maintained an action even in that State. In this State the common law is in force, in so far as not inconsistent with the Constitution and laws of this State. (Revised Statutes, art. 3128.)

Under the common law, as well as the civil law, the cause of action which the appellee now seeks to assert would not survive her father's death, and there is no statute in this State changing this rule. (Watson v. Loop, 12 Texas, 12; Taney v. Edwards, 27 Texas, 224; Gibbs v. Belcher, 30 Texas, 81.) The rule of the common law, upon the question under consideration, is as imperative here as though it had been expressly enacted by statute; and it denies to the appellee the right to assert and maintain the claim set up in her petition.

We know of no rule of law which would authorize a court of this State to give effect to the laws of another State conferring such right as is claimed in this case, when the laws of this State declare that the same facts, transpiring here, as are made the basis of the appellee's claim, could confer no right whatever to the relief sought. The most liberal State comity can not, in reference to such a matter as that before us, require one State

to enforce the laws of another when in conflict with its own law.

The appellant questioned the right of the appellee to maintain this action, by demurrer and by plea, and the demurrers were overruled and a charge refused, which would have properly submitted the defense urged by the plea. We are of the opinion that this was error which requires the reversal of the judgment, and as no cause of action, which the courts of this State can enforce, can be set up by any legitimate amendment it will be unnecessary to remand the cause.

The judgment will therefore be reversed and the cause dismissed, the appellant to recover all costs incurred in this court and the court below.

*Reversed and dismissed.*