O’NIELL, J.
While the plaintiffs’ son was performing his duties as an employe of the defendant, drilling an oil well, he was caught in the machinery and suffered injuries from which he died the next day. The plaintiffs, alleging that their son was earning $3.60 a day at the time of the accident, and that they were entirely dependent upon him for support, brought this suit for compensation at the rate of $10 a week for 300 weeks, under the Employers’ Liability Act. Before answering the demand, the defendant excepted to the petition that it did not set forth a cause of action. With reservation of that exception, the defendant answered, admitting that the plaintiffs’ son was earning $3.60 a day in the employment at which he was working at the time of the fatal accident. He denied that the average weekly wages amounted to enough to entitle the plaintiffs to compensation at $10 a week for 300 weeks, and denied that the plaintiffs were entirely dependent upon their son for support. He alleged that the deceased contributed only a small amount to the support of the plaintiffs, and that he was willing to settle the claim for a correct amount; but he did not state the amount of the compensation that he was or had been willing to pay to the plaintiffs. The prayer of his answer was that the plaintiffs’ demand he rejected at their cost. Judgment was rendered in favor of the plaintiffs, fixing the compensation at $6.27 a week for 300 weeks. The defendant prosecutes this appeal; and the plaintiffs, in answer to the appeal, pray that the amount of the compensation be increased to $10 a week for 300 weeks.
The exception of no cause of action is founded upon the plaintiffs’ failure to allege the amount of the average weekly wages their son was earning at the time of the accident, and their failure to state the amount he was contributing to the support of the plaintiffs.
The plaintiffs contend that this suit is governed by the Act No. 243 of 1916, amending the Employers’ Liability Act, Act No. 20 of 1914, so as to do away with the distinction between claims of persons who were entirely dependent upon a deceased employé and claims of those who were only partially dependent upon him for support. The fatal accident occurred on the 1st day of May, 1916, and the rights of the plaintiffs, and obligations of the defendant, growing out of the accident, were fixed by the statute then in force, the Act No. 20 of 1914. The subsequent amendment of the statute, by the Act No. 243 of 1916, could not and did not affect the rights of the plaintiffs or obligations of the defendant. R. C. O. art. S.
[1] The Employers’ Liability Act does not require a strict observance of the rules of pleading in a proceeding to fix the compensa *589 tion due to an injured employé or to the. dependents of a deceased employé, when the dispute or disagreement over the amount of compensation is brought into court. On the contrary, the fourth paragraph of section 18 of the act declares that the judge shall not be bound by the usual common-law or statutory rules of evidence, or by any technical or formal rules of procedure other than those provided in the statute; and it provides that the judge shall decide the merits of the controversy as equitably, summarily, and simply as may be. The first paragraph of that section provides that, in case of a failure of the employer and employé or dependents of the employe to agree upon the amount of compensation, either party may present a verified complaint to the judge of the court that would have jurisdiction in a civil case, setting forth the names and residences of the parties, the facts relating to the employment at the time of the injury, the character and extent of the injury, the amount of wages being received at the time of the injury, the knowledge of the employer or notice of the occurrence of said injury, and such other facts as may be necessary and proper for the information of the judge, and shall state the matter or matters in dispute and the contention of the petitioner with reference thereto. As the petition or complaint in the present case complies precisely with those provisions of the statute, there is no merit in the defendant’s exception of no cause of action.
[2, 3] The term “average weekly wages” is defined in the statute to mean the annual earnings of the injured employé divided by 52. And the statute provides that, if, by reason of the shortness of the time of the employment, or the nature or terms of the employment, it is impracticable to compute the average weekly wages as defined in the act, regard may be had to the average weekly amount that was being earned by a person in the same grade, employed at the same work, by the same employer, during the 12 months previous to the injury.
In this case, the district judge found that the term of employment had continued long enough to enable him to compute the average weekly wages that had been earned by the deceased; and we agree with him. The deceased had been employed from the 16th of October, 1915, to the date of the accident —that is, more than 28 weeks — and his average weekly wages at that employment amounted to $16.55. If the plaintiffs had been entirely dependent upon their son’s earnings for support, they would be entitled to an amount equal to one-half of his weekly wages for a period of 300 weeks. But the evidence discloses that they were not entirely dependent upon his earnings for support. Hence the weekly compensation to which they are entitled, as fixed in the statute, is a sum bearing the same proportion to the weekly payments to which they would be entitled if they had been entirely dependent upon his earnings as the amount which he contributed to their support in the year preceding his death bears to the annual earnings of the deceased at the time of the injury. Applying that rule, the district judge found from the evidence that the plaintiffs are entitled to approximately or nearly 76 per cent, of the amount of the weekly compensation to which they would be entitled if they had been entirely dependent upon their son for support, and the evidence sustains that finding. Hence we conclude that the judgment fixing the weekly compensation at $6.27 is correct.
The learned counsel for the defendant contend that the district judge should have taken into consideration the fact, disclosed on the trial, that the plaintiffs have two small children, a brother and sister of the deceased. The contention is that the amount of compensation to which the brother and sister of the deceased employé would be enti *591 tied under the statute should be deducted from the amount to which the surviving parents of the deceased are entitled, or that the claim should be abated proportionately, because no claim is made on behalf of the plaintiffs’ children in this suit. We do not think that contention can be maintained in this suit. It was not made in the defendant’s answer,. and there is no proof that the children referred to were dependent upon their brother for support. In fact, there is no evidence on that subject at all, except that one of the children, 15 years of age, was attending school, and that they had two married sisters.
The judgment appealed from is affirmed, at the cost of the appellant. .