BROOKS v. LEWIS-CHAMBERS CON-
STRUCTION COMPANY, INC.

———

(May 19, 1930. Opinion and Decree.)

———

Scott E. Beer and Walter M. Barnett, of
New Orleans, attorneys for plaintiff, ap-
pellee.

Frank T. Doyle and Harry M. Mayo, Jr., of New Orleans, attorneys for defendant, appellant.

JANVIER, J.    Jeana Brooks, a colored laborer, seeks to recover compensation from his employer, claiming that his present condition—he being now deaf in one ear and almost deaf in the other, and being also unable to maintain his equilibrium when standing or walking—results from an injury received by him while engaged in the performance of services arising out of and in the course of his employment.

The evidence shows that prior to the accident Brooks gave no indication whatever of any defect in either ear and showed no signs of being in any way unable to balance himself upon his feet, and the medical men, those who were placed upon the stand as witnesses for defendant, as well as those produced by plaintiff, leave no room for doubt as to his present condition. Nor is there any serious controversy over the fact that, in all probability, his present condition of almost complete disability will continue indefinitely, if not permanently.

The main defense is based on the contention that the accidental injury received by plaintiff, a severe blow to the abdomen, had no causal connection with the deafness and loss of equilibrium, of which plaintiff now complains.

Even without the assistance of the medical experts, we would feel reasonably certain that, ordinarily, a blow to the stomach, or to the abdominal region, could not of itself cause permanent deafness; but the claim of plaintiff is not that the blow of itself directly caused the unfortunate result, but that it set in motion, or "lighted up," a disease (syphilis) which was already lurking in the system, and that the deafness resulted from the setting into activity of the syphilitic condition, which setting into activity was caused by the blow, and that thus, as a matter of law, the deafness is the result of the blow.

As we have often said, such questions as whether or not trauma may, by setting into action lurking diseases, cause serious results, which, except for the disease, would not have occurred, are rather within the province of doctors than of judges, and in determining them we must be guided by the advice of those experts.    Landry et al. vs. Phoenix Utility Co., ____ La. App. ____, 124 So. 623; Joseph vs. Higgins Lumber Co., 12 La. App. 600, 126 So. 255.

Here the expert testimony leaves no doubt that, though it is rather rare for trauma, acting through a syphilitic condition, to cause deafness, nevertheless it is entirely possible for it to do so, and since it may do so, and since we find assigned in the record no other cause for the sudden change in plaintiff's condition, we must assume that it did so in this instance, since the plaintiff, prior to the accident, had none of the disability of which he now justifiably complains.    Dr. Wagner, in a very interesting and enlightening explanation of the connection between the blow and the resulting deafness said:

"Luetic neuritis is nothing more than inflammation of the nerve of hearing, brought about by the poisons of syphilis; and in this man's case the injury is what activated the syphilis.    Something had to activate it.    It was there dormant.    We know that syphilitic germs can live in different organs of the body for years and years in a symbiotic stage.    Symbiosis is a noun that means that one organism lives within another without doing any damage.    They live in harmony with one another until something breaks up this harmony, and then the parasite overcomes its host, which happened in this case, no doubt about it."

That under the compensation laws of this state there is liability under such circumstances is no longer a subject for discussion. In Behan vs. John B. Honor Co., Ltd., et al., 143 La. 348, 78 So. 589, L. R. A. 1918F, 862, in a syllabus written by the court, appears the following:

"The fact that an employee, injured in performing services arising out of and incidental to his employment in the course of his employer's occupation, was already afflicted with a dormant disease that might some day have produced physical disability is no reason why the employee should not be allowed compensation, under the employers' liability statute, for the injury which, added to the disease, superinduced physical disability."

See, also, Becton vs. Deas Paving Co., Inc., 3 La. App. 683; Henderson vs. Louisiana Power Co., 9 La. App. 475, 121 So. 217; Taylor vs. Southern Engineering Const. Co., 13 La. App. 292, 125 So. 877; Fox vs. United Chemical & Organic Products Co., 147 La. 865, 86 So. 311.

Defendant complains that the claim that the syphilitic condition was set into activity by the blow was not raised in the pleadings and that evidence in support thereof should not have been permitted to be introduced.

We doubt whether, even in a tort case, it is necessary for the plaintiff to do more than allege the facts which gave rise to the cause of the accident and the facts which show the final result; but if, in such case, it is incumbent upon plaintiff to allege specifically intervening details, surely such duty does not rest upon plaintiff in a compensation suit, in which the rules of pleading and of evidence are allowed to be relaxed, whenever the trial judge, in his discretion, thinks it necessary. Here it is very evident that no harm resulted to defendant because of the introduction of evidence showing the action of the blow on the dormant disease and the resulting causal connection between the blow and the deafness, because the experts produced by defendant were manifestly thoroughly conversant with the contention made, and could not have been better prepared to rebut the evidence of plaintiff's doctors if every detail had been set forth in the petition.

We think that the discretion of the trial judge in allowing the relaxation of the rules of pleading and of evidence in compensation cases should not be interfered with where it appears that that discretion has not been abused and that no harm or prejudice has resulted. Smith vs. Marine Oil Co., 10 La. App. 675, 121 So. 782; McGuirt vs. Gillespie, 141 La. 586, 75 So. 419.

It is alleged, and we think properly, that plaintiff's claim falls within paragraph 16 of subdivision d of section 8 of Act No. 242 of 1928, which is an amendment to Act No. 20 of 1914.

Thus plaintiff, by reason of serious impairment of a physical function, namely, his hearing, is entitled to 65 per cent of his average weekly wages for not more than 100 weeks.

The trial judge awarded him compensation for the full term of 100 weeks, and, in view of plaintiff's present condition, in this he was correct. That $11.70 is the proper weekly allowance is not disputed.

Proof as to the medical expense is lacking, and the trial judge was correct in dismissing this part of the claim as in case of nonsuit.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.