**JOHNSON v. EMPLOYERS LIABILITY AS-SUR. CORPORATION, LIMITED.**

**No. 2993.**

Court of Civil Appeals of Texas. Beaumont.

Dec. 17, 1936.

Rehearing Denied Dec. 23, 1936.

D. E. O'Fiel, of Beaumont, for appellant

King & Rienstra, of Beaumont, for appellee.

WALKER, Chief Justice.

On or about the 13th day of October, 1934, appellant, R. F. Johnson, a resident citizen of the state of Texas, while in the course of his employment with W. Horace Williams Construction Company, a Louisiana corporation, in Cameron parish, La., received serious personal injuries. W. Horace Williams Construction Company, a qualified subscriber under the Louisiana Employers' Liability Act (Act No. 20 of 1914, as amended), carried its workmen's compensation insurance with appellee, Employers Liability Assurance Corporation, Limited. Under the terms of this insurance contract, and of his employment by W. Horace Williams Construction Company, appellant was entitled to all the relief and benefits provided by the terms of the Louisiana Employers' Liability Act for injured employees, both against his employer and appellee. On the date of his injury, and continuously thereafter, appellant's employer was actively engaged in business in the state of Louisiana and in the state of Texas, and had a permit to do business in the state of Texas, but did not have an agency in Jefferson

county. At the time appellant was injured, and continuously since that date, appellee was engaged in business in Louisiana and in Texas, with a permit to do business in Texas, and with an agency and a local agent in Jefferson county. On the 9th day of May, 1935, appellant instituted this suit in the district court of Jefferson county against appellee to recover workmen's compensation under the provisions of the Louisiana Employers' Liability Act, pleading specially the provisions of that act, and the facts necessary to constitute a cause of action, with prayer for appropriate relief. Appellee was duly cited to appear and answer appellant's petition. On the 8th day of June, 1935, appellee filed the following plea to the jurisdiction of the district court of Jefferson county, Tex.:

"Defendant says that this Court does not have jurisdiction of this cause, for the reason that it appears from plaintiff's petition that this is a suit arising under the Workmen's Compensation Act of the State of Louisiana for an injury occurring in said State, while plaintiff was working under a contract of employment made in Louisiana and to be performed wholly within said State. In this connection defendant alleges that under the Workmen's Compensation Act of the State of Louisiana and the laws of said State this suit or cause can be maintained only in the Courts of said State, as particularly prescribed by said Compensation Act, and only the Courts of the State of Louisiana have jurisdiction to administer said Act, and consequently this Court has no jurisdiction to hear and determine this controversy.

"Wherefore, defendant prays judgment of the Court that this cause be dismissed.

"Defendant says that this Court does not have jurisdiction to this cause, for the further reason that the laws of the State of Louisiana, which are applicable to this case, are entirely dissimilar to and indifferent from the Workmen's Compensation Act of the State of Texas; that the procedure and manner of administering said Compensation Act of Louisiana is wholly different to the procedure and manner of administering the Workmen's Compensation Act of the State of Texas; that the rights conferred by said Louisiana Workmen's Compensation Act are so interwoven with the remedy therein prescribed so that it would be impracticable for the Courts of the State of Texas to administer and attempt to enforce

the same; that it is apparent after comparing said Workmen's Compensation Act of Louisiana to the Workmen's Compensation Act of the State of Texas that the theory and policy upon which the Louisiana Compensation Act is based is contrary to public policy, purposes, objectives and procedure of the Workmen's Compensation Act of Texas, and that by reason of such facts the Courts of the State of Texas ought not and will not attempt to administer and enforce said Act, but will leave the same to be administered and enforced by the Courts of the State of Louisiana.

"Wherefore, defendant prays judgment that this cause be dismissed.

"[Signed] King & Rienstra
"Attorneys for defendant."

On the 8th day of October, 1935, the lower court heard and sustained this plea by a judgment reciting:

"It is, therefore, ordered, adjudged and decreed by the Court that the defendant's plea to the jurisdiction of this Court to hear and determine the above styled controversy be and the same is hereby sustained, and said cause is hereby dismissed.

"It is further ordered, adjudged and decreed by the Court that the defendant go hence without day and recover its costs in this behalf expended."

A copy of the Louisiana Employers' Liability Act is found in the statement of facts.

## Opinion.

■ On the facts of this case, the adjudicated cases of the Texas courts support the judgment of the lower court. It is an established principle of American jurisprudence that the policy of each state decides whether and to what extent its courts will entertain jurisdiction of transitory actions arising in other jurisdictions under their peculiar statutes. Chambers v. Baltimore, etc., R. Co., 207 U.S. 142, 28 S.Ct. 34, 52 L.Ed. 143; Dougherty v. American McKenna Process Co., 255 Ill. 369, 99 N.E. 619, L.R.A.1915F, 955, Ann.Cas.1913D, 568; Boston & Maine R. R. v. Hurd (C.C.A.) 108 F. 116, 56 L.R.A. 193.

■ The public policy of Texas controlling the issues presented by this appeal— that is, whether or not the courts of Texas will entertain a cause of action arising under the provisions of the Employers' Liability Act of Louisiana—was defined and clearly stated by Judge Brown in Mexican

National Ry. Co. v. Jackson, 89 Tex. 107, 33 S.W. 857, 860, 31 L.R.A. 276, 59 Am. St.Rep. 28; the doctrine of that case has not been modified by our Supreme Court, but has been generally recognized and enforced by all the courts of the state. The facts of the Jackson Case were as follows: Jackson, an employee of the Mexican National Railway Company, was injured in the Republic of Mexico and brought suit for damages against the railroad company in the district court of Webb county, Tex., which court had jurisdiction of the defendant. In the trial court, the defendant's plea to the jurisdiction, based upon allegations similar to the plea in this case, was overruled, and the plaintiff recovered judgment which was affirmed by the Court of Civil Appeals 32 S.W. 230. The Supreme Court granted a writ of error and reversed the judgment of the Court of Civil Appeals principally upon the following grounds:

Speaking for the Supreme Court, Judge Brown said:

"The law of Mexico, under which plaintiff's claim originated, having been pleaded and proved by the defendant, the rights of the parties must be determined by its provisions: 'It would be as unjust to apply a different law, as it would be to determine the rights of the parties by a different transaction.' Story, Confl.Laws, p. 38. This is a transitory action, and may be maintained in any place where the defendant is found, if there be no reason why the court whose jurisdiction is invoked should not entertain the action. The plaintiff, however, has no legal right to have his redress in our courts; nor is it specially a question of comity between this state and the government of Mexico, but one for the courts of this state to decide, as to whether or not the law by which the right claimed must be determined is such that we can properly and intelligently administer it, with due regard to the rights of the parties. Gardner v. Thomas, 14 Johns.[N.Y.] 134 [7 Am.Dec. 445]; Johnson v. Dalton, 1 Cow.[N.Y.] 543 [13 Am. Dec. 564]. The decisions of this court (well sustained by high authority) establish the doctrine that the courts of this state will not undertake to adjudicate rights which originated in another state or country, under statutes materially different from the law of this state in relation to the same subject. St. Louis, I. M. & S. Railway Co. v. McCormick, 71 Tex. 660, 9 S.W. 540 [1 L.R.A. 804]; Texas & P. Railway Co. v. Richards, 68 Tex. 375, 4 S.W. 627. Many difficulties would present themselves, in an attempt to determine the meaning of the Mexican law, and to apply it in giving redress to the parties claiming rights under it. * * *

"There are many points of dissimilarity between the laws of Mexico as proved in this case, and the law of this state applicable to the same subject, which we have not mentioned; but those noticed are sufficiently numerous and material to show that the courts of Texas should not undertake to adjudicate the rights of parties arising under those laws for torts committed in that country. Indeed, as we have shown, they could not properly determine the rights of parties arising under those laws. The cases of Texas & P. Railway Co. v. Richards, 68 Tex. 375, 4 S.W. 627, and St. Louis, I. M. & S. Railway Co. v. McCormick, 71 Tex. 660, 9 S.W. 540 [1 L.R.A. 804], were actions for damages caused by the death of the injured party, but they were decided upon the same principles that apply to this case; that is, that the courts of Texas will not entertain such actions, if founded upon a law which is materially different from the law of this state. The cases cited are sustained by the weight of authority, and are conclusive of the question in this state."

The following analysis of the Employers' Liability Law of the state of Louisiana (Act La. No. 20 of 1914 as amended), contrasted with the Texas Workmen's Compensation Act (Vernon's Ann.Civ.St.Tex. art. 8306 et seq.), convinces us that the courts of Texas cannot properly, with full justice to both parties, administer the Employers' Liability Act of the state of Louisiana:

(1) Under the Louisiana act there is no Industrial Accident Board or Commission to administer its provisions; the entire administration of the act is left to the agreement of the parties subject to the approval of a court of competent jurisdiction, or by one of the judges of the courts of Louisiana having jurisdiction of the subject-matter. In Texas we have an Industrial Accident Board with jurisdiction to hear all claims.

(2) Section 18, par. 1 (A) of the Louisiana Act (Act No. 20 of 1914, as amended by Act No. 81 of 1930, p. 170) provides that in case the parties fail to agree upon the claim of compensation, either party may present a verified claim to the judge having jurisdiction of the claim, setting forth cer-

tain facts with a statement of the matters in dispute. The next paragraph of section 18 (paragraph 1 (B), as amended by Act No. 85 of 1926, p. 120) provides that unless the complaint alleges that the employee is not being paid, or has not been paid, and that the employer has refused to pay the maximum per cent. of wages to which petitioner is entitled, the filing of such complaint shall be premature and shall be dismissed. If such allegation is made, but is denied by the employer at the time fixed for the hearing thereunder by the court, then the question of whether or not such allegation of nonpayment is justified under the facts shall be determined by the court before proceeding with the hearing of the other issues involved. Discussing analogous provisions in the law of Mexico, Judge Brown said in the Jackson Case:

"Under the laws of Mexico, the judge before whom the civil action is commenced is required to induce the parties to adjust their differences and settle their grievance by agreement, if he can do so. This our courts cannot do. If this be regarded as matter of procedure, it is of a character which may involve a substantial benefit to the parties, of which the defendant would be deprived by permitting the action to be prosecuted in the courts of this state."

(3) Paragraph 4 of section 18 (as amended by Act No. 85 of 1926, p. 120) provides as follows:

"4. If an answer has been filed within the delays allowed by law or granted by the Court, or if no judgment has been entered as provided in the paragraph immediately above at the time for hearing, or any adjournment thereof, the said Judge shall hear witnesses as may be presented by each party. Either party shall have the right to be present at any hearing or to appear through an attorney. The Judge shall not be bound by technical rules of evidence or by technical rules or procedure other than as herein provided, but all findings of the fact must be based upon competent evidence, and all compensation payments provided for in this act, shall mean and be defined to be for injuries and only such injuries as are proven by competent evidence, of which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself. The judge shall decide the merits of the controversy as equitably, summarily and simply as may be. Costs may be award-ed by the said Judge in his discretion, and when so awarded by the said Judge in his discretion, and when so awarded the same costs may be allowed, taxed and collected as are allowed, taxed and collected for like services in other civil proceedings. The fees of medical witnesses shall be reasonable and are not to be allowed unless fixed in the judgment. The judgment rendered by the Court shall have the same force and effect and may be satisfied as other judgment of the same Court."

It will be noted from the above-quoted provision that the controversy must be decided by the trial judge and not by a jury; furthermore, a claimant can recover only when proof of objective conditions or symptoms of his alleged injury are not within his physical or mental control. In Texas the right to a trial by a jury is guaranteed, and an injured employee can recover for any injury, whether the symptoms or conditions are objective or subjective. It is further apparent from this section of the Louisiana law that the remedy provided is of a summary nature to be speedily administered by the trial judge, free from the rules of pleading and practice, incident to the usual lawsuit. As stated by the Supreme Court of Louisiana in McGuirt v. Gillespie, 141 La. 586, 75 So. 419, 420:

"The Employers' Liability Act does not require a strict observance of the rules of pleading in a proceeding to fix the compensation due to an injured employee or to the dependents of a deceased employee, when the dispute or disagreement over the amount of compensation is brought into court. On the contrary, the fourth paragraph of section 18 of the act declares that the judge shall not be bound by the usual common-law or statutory rules of evidence, or by any technical or formal rules of procedure other than those provided in the statute; and it provides that the judge shall decide the merits of the controversy as equitably, summarily, and simply as may be."

To the same effect are the cases of Clark v. Alexandria Cooperage & Lumber Co., 157 La. 135, 102 So. 96; Boudreaux v. Rossen, 19 La.App. 188, 139 So. 706; Brooks v. Lewis-Chambers Const. Co., 13 La.App. 402, 128 So. 321. Were the instant case to be tried before a Texas court, it would be in accordance with the usual rules of procedure, pleading, and evidence incident to the trial of cases generally in Texas courts.

(4) Section 20 of the Louisiana Act (as amended by Act No. 85 of 1926, p. 123) provides as follows:

"Section 20. 1. Be it further enacted, etc., That a judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a Judge of a Court which rendered the judgment sought to be modified, at any time after six months after said judgment of compensation shall have been rendered by the Judge of the Trial Court it shall be reviewed by a judge of the Court that rendered the judgment sought to be modified upon the application of either party, on the ground that the incapacity of the employee has been subsequently diminished or increased, or upon the ground that the judgment was obtained through error, fraud or misrepresentation. In such cases the provisions of paragraph 1 and 3 of Section 9 and Section 10 with reference to medical examination shall apply."

The jurisprudence of this state cannot effectuate section 20 of the Louisiana law. Federal Surety Co. v. Cook, 119 Tex. 89, 24 S.W.(2d) 394. Section 20 is of vital concern to appellee and appellant in that the trial court in Louisiana is given jurisdiction to modify its judgment upon a showing that the incapacity of the employee is diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation. Under the Louisiana law, judgments awarding compensation to injured employees are continuing awards, and the right given the parties to have the award reversed or modified is a substantive right of great importance which would be denied the parties if the Texas courts assumed jurisdiction of this case. A similar provision was in the law of the Republic of Mexico governing the plaintiff's judgment in a tort action. Discussing that provision of the law in the Jackson Case, Judge Brown said:

"By that law the plaintiff would be entitled to recover for all actual damages existing at the time of the trial, and such as must necessarily result therefrom. By our law he would recover for all such damages, and for all such as might probably thereafter result from the injury. Thus, under our law, the plaintiff would have a present right to that which he could not recover by the terms of the Mexican law, except by subsequent actions therefor. * * * If the plaintiff should recover from his injuries to the extent that he would become able to pursue an occupation suitable to his education and social position, the defendant would have the right, under that law, to have the payment of damages awarded for diminished capacity to earn money reduced by the amount that plaintiff could earn in such employment. In this state no judgment could be rendered which would secure that right, but the judgment must be entered for all probable future losses; hence the future earnings, no matter how great they might prove to be, could not go to reduce the damages already paid under such judgment as would be rendered in Texas. How this right would be secured in Mexico, we cannot see, unless payments were required by the judgment to be made in installments, or that, future inability to earn money not being considered upon the first trial, the matter would be settled in subsequent suits to recover for such damages. In any event, it is a right of the defendant which no court of this state can secure by its judgment."

The differences between the Employers' Liability Act of Louisiana and the Workmen's Compensation Act of the state of Texas, and the differences in the trial procedure prescribed by the general jurisprudence of Texas and the trial procedure prescribed by the Employers' Liability Act of Louisiana follow so closely the differences between the law of the Republic of Mexico and the law of the state of Texas, discussed by the Supreme Court in the Jackson Case, that we are forced to the conclusion that the courts of Texas should not take jurisdiction of this cause of action.

Judge Brown gave this second reason for his judgment in the Jackson case:

"The reason which influences the courts of one state to permit transitory actions for torts to be maintained therein, when the right accrued in a foreign state or country, is that the defendant, having removed from such other state or country, cannot be subjected to the jurisdiction of the courts where the cause of action arose, and as matter of comity, but more especially to promote justice, the courts of the place where he is found will enforce the rights of the injured party against him, because it would be unjust that the wrongdoer should be permitted, by removing from the country where he inflicted the injury, to avoid reparation for the wrong done by him. In this case there has

been no removal of the person or property of the defendant. Its railroad remains, as it was at the time of the injury, within the jurisdiction of the courts of Mexico, and it is liable to suit there according to the laws of that country. The reason for permitting the action to be prosecuted in our courts does not obtain in this case. The plaintiff has voluntarily resorted to the jurisdiction of our courts, when his rights could be better adjudicated in Mexico."

The facts of the case before us are on absolute all fours with the facts of the Jackson Case. Thus, appellee has not removed its person or property from Louisiana; its person and property are within the jurisdiction of the courts of Louisiana, and it is liable to suit there according to the laws of that state. Appellant voluntarily resorted to the jurisdiction of the Texas courts when his rights could have been adjudicated better in Louisiana; he has voluntarily resorted to a forum unable to enforce valuable substantive rights granted appellee by the laws of Louisiana.

Judge Brown gave a third reason for his judgment which appeals to us with great force:

"If our courts assume to adjust the rights of parties against those railroads, growing out of such facts as in this case, we will offer an invitation to all such persons who might prefer to resort to tribunals in which the rules of procedure are more certainly fixed, and the trial by jury secured, to seek the courts of this state to enforce their claims. Thus we would add to the already overburdened condition of our dockets in all the courts, and thereby make the settlement of rights originating outside the state, under the laws of a different government, a charge upon our own people. If the facts showed that this was necessary in order to secure justice, and the laws were such as we could properly enforce, this consideration would have but little weight; but we feel that it is entitled to be considered where the plaintiff chooses this jurisdiction as a matter of convenience, and not of necessity."

So, in this case, if the Texas courts assume to adjudicate the rights of parties under the Louisiana Employers' Liability Act, we will offer an invitation to all injured employees who prefer to resort to our courts where the rules of procedure are more certainly fixed, the trial by jury se-

cured, and where they can secure a final judgment immediately enforceable by execution; thereby securing valuable rights not accorded them by the law of Louisiana.

We desire to say that we have given most careful consideration to the able brief filed by appellant and to his review the authorities cited in support of his propositions of error. We note the following cases where the Louisiana Workmen's Compensation Act was administered by courts of foreign jurisdiction: Floyd v. Vicksburg Cooperage Co., 156 Miss. 567, 126 So. 395; Texas Pipe Line Co. v. Ware (C.C.A.) 15 F.(2d) 171; Louisville & N. R. Co. v. Dixon, 168 Miss. 14, 150 So. 811; Dunn Construction Co. v. Bourne, 172 Miss. 620, 159 So. 841. These cases were by great courts, but they cannot control the public policy of Texas, as announced in the Jackson Case, in taking jurisdiction of transitory actions.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.