136 So.2d 275 (1961)
Helen Mae MANUEL, Plaintiff and Appellant,
v.
CAROLINA CASUALTY INSURANCE COMPANY et al., Defendants and Appellees.
No. 350.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1961.
Rehearing Denied January 15, 1962.
Certiorari Denied March 16, 1962.
*276 Tate & Tate, by Paul C. Tate, Mamou, for plaintiffs-appellants.
Dubuisson & Dubuisson, by W. A. Brinkhaus, Opelousas, for defendants-appellees.
Before FRUGE, CULPEPPER and HOOD, JJ.
HOOD, Judge.
This is a damage suit instituted by Helen Mae Manuel against Employers Fire Insurance Company and Carolina Casualty Insurance Company, arising out of a motor vehicle collision in which plaintiff's mother, Mrs. Mona Ardoin Manuel, was killed almost instantly. According to the allegations contained in plaintiff's petition, the accident occurred on January 27,1960. One of the vehicles involved in the accident was an automobile owned and operated by Actuel Manuel, in which vehicle the decedent was riding as a guest passenger, and the other vehicle was a G.M.C. truck and trailer, owned by Oil Field Truck Lines, Inc. Plaintiff alleges that at the time the accident occurred, Carolina Casualty Insurance Company was the public liability insurer of the owner of the G.M.C. truck and trailer, and that Employers Fire Insurance Company was the public liability insurer of Actual Manuel, the owner and operator of the automobile.
The decedent, Mrs. Manuel, left as her sole survivors her husband, Gustave Manuel, and seven children, all of whom were of legal age of majority at the time of her death. On October 10, 1960, Gustave Manuel, the surviving husband, instituted suit entitled Manuel v. Fire Ins. Co., Employers' bearing Number 352 of our docket, 136 So. 2d 282, in which suit he not only seeks to recover for his own personal injuries, but also he demands (1) damages for the wrongful death of his wife, and (2) the damages which the deceased could have recovered had she lived.
After that suit had been filed, Helen Mae Manuel, one of the major children of the decedent, then instituted the instant suit in which she also demands damages for the wrongful death of her mother and for the damages which her mother may have recovered had she lived. Two other damage suits, arising out of the same accident, also were filed, in which suits all of the other surviving children of the decedent joined as parties-plaintiff, seeking the same types of damages. These additional suits are entitled Duplechin et al. v. Carolina Casualty Insurance Company et al., Number 351, La. App., 136 So.2d 281, and Manuel et al. v. Carolina Casualty Insurance Company et al., Number 353, La.App., 136 So.2d 282.
While these suits were pending, American Employers Insurance Company, alleging that it actually was the public liability insurer of Actuel Manuel at the time of the accident instead of Employers Fire Insurance Company, voluntarily substituted itself as a party-defendant in all of the suits. This substituted defendant thereupon deposited in the Registry of the Court the sum of $10,194.44, being the maximum amount for which it could be held liable under the insurance policy issued by it, and all parties have stipulated that in view of this deposit American Employers Insurance Company and Employers Fire Insurance Company are relieved of any further liability.
Answers were filed by the defendants in the action instituted by Gustave Manuel, Number 352, but the case has never been tried and no final judgment has been rendered in that suit. In all three suits instituted by the major children of the decedent, however, exceptions of no right and no cause of action were filed by Carolina Casualty Insurance Company, one of the defendants *277 named in each such suit. All of these cases were consolidated for the trial of the exceptions pending in the three suits last mentioned, and after such trial judgment was rendered in each of those three cases, including the instant suit, sustaining the exceptions of no cause and no right of action and dismissing the suits. Plaintiffs in each of those three suits, being all of the major children of the decedent, have appealed.
Counsel for all parties agree that Article 2315 of the Revised Civil Code, prior to its recent amendment by Act 30 of 1960, would have barred a suit by major children for the wrongful death of their mother or from maintaining a survival action, when the husband of the decedent survives. They also agree that after the amendment of that article of the Code by Act 30 of 1960, which amendment became effective January 1, 1961, the major children do have the right to recover damages for the wrongful death of their mother, and the right to maintain a survival action, even though the husband survives. At the time the accident in this case occurred, therefore, plaintiff did not have the right to maintain the type of action which has been instituted here. About eleven months after the accident and death occurred, however, Article 2315 of the LSA-Civil Code was amended to grant to the major children the right to maintain this type of suit. The real issue presented here, therefore, is whether Act 30 of 1960 may or may not be applied retroactively.
Plaintiff contends, primarily, that the act must be given retrospective effect because it makes only a procedural, and not a Substantive, change in the law, and that procedural and remedial enactments operate retrospectively, unless a contrary intent is expressed by the Legislature.
In that connection counsel for plaintiff argues that a "cause of action" existed at the time the accident and death occurred and that Act 30 of 1960 merely extended or broadened the "right of action" to include as beneficiaries the major children, as well as the surviving spouse and minor children of the decedent. Since the cause of action already existed, it is argued, the extending of the right of action to include other persons merely deals with procedural and not with substantive rights.
The term "substantive law" is defined in Black's Law Dictionary, Fourth Edition, as:
"That part of law which creates, defines, and regulates rights, as opposed to `adjective or remedial law,' which prescribed method of enforcing the rights or obtaining redress for their invasion. Maurizi v. Western Coal & Mining Co., 321 Mo. 378, 11 S.W.2d 268, 272; Mix v. Board of Com'rs of Nez Perce County, 18 Idaho, 695, 112 P. 215, 220, 32 L.R.A.,N.S., 534."
In Matney v. Blue Ribbon, La.App. 2 Cir., 12 So.2d 249, 253 (Affirmed by Supreme Court, 202 La. 505, 12 So.2d 253), the Second Circuit Court of Appeal said:
"Black's Law Dictionary, 3d Ed., defines `substantive law' to be that part of the law which courts are established to administer as opposed to the rule according to which the substantive law itself is administered. It is that part of the law which creates, defines and regulates rights as opposed to adjective or remedial law which prescribes the method of enforcing rights or of obtaining redress for their invasion."
In Bounds v. T. L. James & Company, 124 F.Supp. 563, 567, Judge Ben C. Dawkins, Jr., of the Western District of Louisiana, held that:
"The cause of action for wrongful death, created by Article 2315, is substantive, purely personal, and accrues only to the beneficiaries named, in the order of their naming."
In Hermann v. New Orleans and C.R. Co., 11 La.Ann. 5, a widow instituted an action for herself and in behalf of her *278 minor children, demanding damages for loss of support because of the death of the husband and father, alleged to have been caused by the negligence of defendant. The accident occurred prior to the effective date of Act 223 of 1855, which amended Civil Code Article 2294 (now 2315) by providing that the right of action granted by that article shall survive in case of death in favor of the minor children and widow of the deceased. The Supreme Court, however, held that this amendment was not applicable because the statute was passed after the accident and death occurred.
Article 2315 of the Civil Code was again amended by Act 71 of 1884 to give to certain survivors of a decedent an action for wrongful death, in addition to the survival action previously granted in 1855. In Van Amburg v. Vicksburg, S. & P. R. Co., 37 La.Ann. 650, the plaintiff sued for damages for the loss of support, companionship and affection of her son, who was killed as a result of defendant's negligence, and she also demanded the damages which her deceased son could have recovered had he lived. The Supreme Court allowed the plaintiff to maintain the survival action, but it rejected her demands for damages based on the wrongful death of the decedent, because the accident occurred five days before the effective date of Act 71 of 1884. In so holding, the Court said:
"* * * The Act of 1884 applies the remedy that the public conscience has long demanded, but it has missed application to this case only by a few days. That Act was approved July 10th and took effect in Bossier on the 30th. The accident and death occurred on the 25th of that month.
"It was ingeniously argued to us that this statute merely provided a remedy for a previously-existing obligationthat in morals and conscience he who caused the death of another should make reparation to the survivors as in law he who caused damage by a fault was legally obliged to repair itand therefore that the remedy provided by the statute could be and ought to be applied to injuries inflicted before its passage. This would open the door to a multitude of suitors and therefore courts would be cautious in making such interpretation, but in truth the argument is not sound, for it is based on the assumption that this is a remedial statute and on the principle that such statutes are construed liberally, but our late statute is not remedial in the sense of supplying a remedy. It creates an obligation by expressly declaring the existence of a liability where there was none before and opens the way to a recovery for its violation."
In St. Louis Southwestern Ry. Co. v. Purcell, 135 F. 499, a case originating in the Western District of Louisiana and decided by the Fifth Circuit Court of Appeals, the accident occurred before Act 68 of 1902 was passed. This act amended Article 2402 of the Civil Code by providing that damages resulting from personal injuries to the wife shall not form part of the community, but should remain the separate property of the wife, recoverable by herself alone. The husband instituted the suit after this act was passed, and defendant contended that the husband was without a right of action in view of that statute. The Court held that Act 68 of 1902, amending that article of the Code, could not be applied retroactively, and accordingly that the husband was the proper party to maintain the suit.
In our opinion, Act 30 of 1960 creates, defines and regulates rights. We think counsel for plaintiff is in error in interpreting it as a statute merely prescribing the method of enforcing rights which previously existed, or of maintaining redress for their invasion. Prior to the date on which Act 30 of 1960 became effective, a major child had no right to recover damages for the wrongful death of his mother, or for the damage which his *279 deceased mother may have recovered had she lived, if the decedent left a surviving husband. This act, however, creates a new obligation in favor of the major child where no such obligation existed before, and at the same time it reduces or limits the rights formerly provided for the surviving spouse.
The act also provides, significantly we think, that "A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not." That provision indicates to us that the Legislature intended for the act to do more than simply modify or relate to procedural rights.
We conclude, therefore that Act 30 of 1960 makes changes in the substantive law of this State, and that the act may not be applied retrospectively unless the words employed show a clear intention that the statute should have a retroactive effect. LSA-C.C. Art. 8; State ex rel. Howard Kenyon Dredging Co. v. Miller Gravity Drainage District #3, 103 La. 915, 192 So. 529; Henry v. Jean, 238 La. 314, 115 So. 2d 363; Paulsen v. Reinecke, 181 La. 917, 160 So. 629, 97 A.L.R. 1184.
Plaintiff contends, alternatively and in the event that it is determined that Article 30 of 1960 makes a change in the substantive law of this State, that the statute is remedial legislation, and that it accordingly should be applied retroactively. A "remedial statute" is defined in Black's Law Dictionary, Fourth Edition, as:
"One that intends to afford a private remedy to a person injured by the wrongful act. That is designed to correct an existing law, redress an existing grievance, or introduce regulations conducive to the public good. * * *
"A statute giving a party a mode of remedy for a wrong, where he had none, or a different one, before, * * *
Also, in Paulsen v. Reinecke, supra [181 La. 917, 160 So. 630], the Supreme Court said: "A remedial statute is one which confers a remedy and a remedy `is the means employed to enforce a right or redress an injury.'"
We find the following statement of law relating to "Remedial Statutes" in 82 C.J.S. Statutes § 416:
"While the general rule that statutes are construed as prospective only applies to remedial statutes, remedial or procedural statutes which do not create, enlarge, diminish, or destroy vested or contractual rights but relate only to remedies or modes of procedure are generally held to operate retrospectively and to apply to pending actions or proceedings, unless such operation or application would adversely affect substantive rights." (Emphasis added.)
In 50 American Jurisprudence, Statutes, Sec. 15, the following language is used:
"Sec. 15. Statutes Regarded as Remedial.Legislation which has been regarded as remedial in its nature incudes statutes which abridge superfluities of former laws, remedying defects therein, or mischiefs thereof implying an intention to reform or extend existing rights, and having for their purpose the promotion of justice and the advancement of public welfare and of important and beneficial public objects, such as the protection of the health, morals, and safety of society or of the public generally. Another common use of the term `remedial statute' is to distinguish it from a statute conferring a substantive right, and to apply it to acts relating to the remedy, to rules of practice or courses of procedure, or to the means employed to enforce a right or redress an injury. It applies to a statute giving *280 a party a remedy where he had none or a different one before. A statute which gives a remedy for an injury against the person by whom it is committed to the person injured, and limits the recovery to the amount of loss sustained, or to cumulative damages as compensation for the injury sustained, falls within the class of remedial statutes. Sometimes, the statute itself declares its remedial nature." (Emphasis added.)
Counsel for plaintiff concedes that the term "remedial" is sometimes used interchangeably with the word "remedy," referring to procedure. It is argued, however, that this term is also used to refer to the "reform" or "correction" of undesirable legislation. In either case, he argues, remedial legislation is to be applied retrospectively unless the contrary appears.
It seems to us that the term "remedial statute" has been applied (1) to a law relating to procedure, that is a law which relates solely to the remedy which may be employed to enforce or to protect a right which already exists; or (2) to a statute which makes a change in the substantive law of the State, but which is designed to correct an inadvertent error made in some prior statute or to change a law which has been found to be undesirable in some respect. If the statute is remedial in the sense that it makes only a procedural change in the law, then we think such a statute generally should be given retroactive effect unless the legislature has indicated by appropriate language that it should not be applied retroactively. If the statute, on the other hand, makes a change in the substantive law of the State whether such change is designed to correct errors in provisions of prior laws or simply to amend the law for the public good, then we think such a statute should be construed to operate prospectively only, unless the words employed show a clear intention that the statute should have a retroactive effect. McGuirt v. Gillespie, 141 La. 586, 75 So. 419; Dehan v. Hotel and Restaurant Employees, etc., La.App., 2 Cir., 159 So. 637; Paulsen v. Reinecke, supra; Oil Well Supply Co. v. Red Iron Drilling Co., 210 La. 222, 26 So. 2d 726; General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417; Rossville Commercial Alcohol Corp. v. Dennis Sheen Transfer Co., Inc., Orl., 18 La.App. 725, 138 So. 183 (Cert. denied).
In this case we have already determined that Act 30 of 1960 makes a change in the substantive law, that it is not remedial legislation in the sense that it relates only to procedure, and accordingly we conclude that it cannot be given retroactive effect unless the Legislature has specifically indicated that it should be given that effect.
Plaintiff contends, however, that the Legislature has indicated that this statute should be given retroactive effect, and in support of that argument our attention has been called to the following language which appears at the beginning of Implementation Table 4, LSA-C.C.P., Vol. 1, p. 769:
"Acts 1960, Nos. 30-35, both inclusive, effective January 1, 1961, implemented the adoption of the Louisiana Code of Civil Procedure by amending, repealing and adding designated sections and articles of the Revised Civil Code and the Louisiana Revised Statutes.
"The articles and sections affected by the implementing Acts and the effect on such articles and sections are shown in the Table for convenient reference in evaluating the impact of the new Code of Civil Procedure on the procedural law formerly found in the Revised Civil Code and the Louisiana Revised Statutes." (Italics added.)
One of the changes listed in the Implementation Table is the amendment of Civil Code Article 2315 by Act 30 of 1960.
*281 Plaintiff also contends that Act 30 of 1960 was a part of a "package of legislation" designed to effectively put into operation the new Louisiana Code of Civil Procedure, and thus it is "inseparably connected" with Act 15 of 1960, which formally adopts and enacts the Code of Civil Procedure. Section 4(A) of Act 15 of 1960 provides that "This act is hereby declared to be remedial legislation."
It is argued that the statement contained in Implementation Table 4, as well as the provisions contained in Section 4(A) of Act 15 of 1960, constitute an "unavoidable implication" that the Legislature intended for Act 30 of 1960 to be remedial legislation, relating to procedural law, and accordingly that it should be given retroactive effect. We do not believe, however, that the statement contained in Implementation Table 4, or the provisions of Section 4(A) of Act 15 of 1960 can be construed as expressing the intent of the Legislature to make Act 30, adopted in the same session of the Legislature, apply retroactively.
Act 30 of 1960, which was enacted and approved in June of that year, specifically provides that "This act shall become effective on January 1,1961." Counsel for plaintiff has given us no satisfactory explanation as to why the Legislature would specifically provide that the Act was to become effective more than six months after its enactment, if the Legislature actually intended for it to be given retroactive effect. We conclude that the Legislature did not intend for Act 30 of 1960, amending Article 2315 of the Civil Code, to be applied retroactively.
In our opinion, the rights of the survivors of the decedent, Mrs. Mona Ardoin Manuel, became fixed as of the day of the accident and death, and since the law at that time provided that plaintiff, as a major child of the decedent, did not have the right to recover damages for the wrongful death of her mother or to claim the damages which the decedent could have recovered had she lived, her petition fails to state a right or a cause of action.
For the reasons herein assigned, therefore, the judgment of the district court is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
Affirmed.

On Application for Rehearing
En Banc. Rehearing denied.