JOE R. VIDRINE, Judge.
This is a suit by two major children for damages as a result of the death of their father who died on November 29, 1959. The suit was filed on November 18, 1960. At the time of the death of the father, their mother was alive but she later died in October of 1960, before filing suit. The lower court sustained an exception of no right or cause of action. It is from this judgment that appellants have appealed. The question before us is whether or not the appellants have a cause of action, since at the time of the death of the father, he was survived by a spouse.
Appellants concede that the jurisprudence of Louisiana under Article 2315 under the Civil Code of 1870, prior to its amendment in 1960, was to the effect that the major children did not have a cause of action if the father or mother, as the case might be, left a surviving spouse and had filed suit. Appellants concede further that when the surviving spouse filed suit, but later died, the cause of action abated and the major children did not inherit the cause of action. However, appellants argue that their case is different in that no suit had been filed by their mother when she died. Thus, since the cause of action existed but no one had exercised it, and when said cause of action was exercised there was no surviving spouse, they were the proper *425 parties in this suit. Appellants pose a hypothetical case for this court to consider. They ask what would happen in the event a husband and wife were involved in the same accident and the husband died approximately twenty (20) minutes before the wife? Would not the major children in that case have a cause of action for the death of their father as well as for the death of their mother ? The answer to that proposition is: It matters not whether it is twenty (20) minutes or twenty (20) weeks, for Article 2315 is plain and unambiguous and the courts of this state have so held that the cause of action must be determined at the time of death. Since the husband, in this case, was survived by a spouse the cause of action which was in her abated at her death. Dumas v. Fidelity Guaranty Company, 241 La. 1096, 134 So.2d 45.
Counsel for appellants argue further, in the alternative, that the amendment to Article 2315 of 1960 provides that the cause of action is now heritable and survives, and does not abate upon the death of the surviving spouse. Counsel fo,r appellant is correct; the amendment does so provide. However, since this action arose in 1959 and suit was filed in 1960, long prior to the amendment to Article 2315, it must be decided under Article 2315 as it existed at the time of the accident.
Counsel argues that this is not so since the amendment was remedial legislation and therefore the amendment is retroactive and covers the situation before us. However, the Court of Appeal, Third Circuit, has had occasion to pass on this very question and held that the amendment could not be applied retroactively. Manuel v. Carolina Casualty Insurance Co., 136 So.2d 275. Writs of Certiorari were denied by the Louisiana Supreme Court.
Therefore, for the above and foregoing reasons, the judgment sustaining the exception of no right or cause of action is affirmed. Appellants to pay all costs of these proceedings.
Affirmed.