Mrs. Rose Pace TRAHAN, Wife of
Henry Trahan, Jr.

v.

MARYLAND CASUALTY COMPANY.

Civ. A. No. 9263, Division C.

United States District Court
E. D. Louisiana,
New Orleans Division.
Jan. 2, 1963.

John T. Cooper, Adams & Reese, New Orleans, La., for complainant.

Ralph L. Kaskell, Jr., Deutsch, Kerrigan & Stiles, New Orleans, La., for defendant.

WEST, District Judge.

This suit was initially instituted pursuant to Louisiana's Direct Action Statute by Mrs. Rose Pace Trahan, wife of Henry Trahan, Jr., against Maryland Casualty Company, the public liability insurer of R. L. Shannon and Arnold R. Wolfe, seeking damages for personal injuries sustained by her in an automobile accident which occurred on September 21, 1958. On August 24, 1960, subsequent to the filing of this suit, and after issue joined, the complainant, Mrs. Rose Pace Trahan, died, being survived by Mrs. Antoinette Pace Puglia, Joseph Pace, Paul M. Pace, and Salvadore Pace, all major children of the deceased, Rose Pace Trahan, by a former marriage. On November 1, 1960, counsel for plaintiff filed a motion to substitute the above named heirs of Mrs. Trahan as parties plaintiff. This motion was opposed by respondent on the ground that under the provisions of Article 2315 of the LSA–Revised Civil Code, as it stood on the date of Mrs. Trahan's death, these major children had no right of action because the deceased Mrs. Trahan was also survived by her husband, Henry Trahan, Jr., in whose favor her right of action survived, to the exclusion of major children. Complainants then voluntarily withdrew the motion to substitute the major children of Mrs. Trahan as parties plaintiff, and upon proper motion having been made, Mr. Henry Trahan, Jr., the surviving spouse of the deceased Mrs. Trahan, was, by order of Court, substituted as party plaintiff on July 12, 1961. On January 28, 1962, Henry Trahan, Jr. died, leaving as his sole heirs the present complainants, Ronald Francis Trahan and Joseph Frank Trahan, both major children of the deceased Henry Trahan, Jr. These heirs now seek to be substituted as parties plaintiff in this action in the place and stead of Henry Trahan, Jr., deceased. This motion is

opposed by respondent on the grounds that even though Article 2315 of the LSA–Revised Civil Code, as amended by Act 30 of the Louisiana Legislature of 1960, which said amendment, by its terms, became effective on January 1, 1961, would, under different circumstances, permit this substitution, the amendment to Article 2315 cannot be retroactive. Respondent contends that Article 2315 must be applied as it stood on the date of the accident sued upon, rather than as it stood on the date of the death of Henry Trahan, Jr. There can be no doubt that if Article 2315 is applied as it stood on September 21, 1958, the date of the accident sued on, this action abated with the death of Henry Trahan, Jr. There can also be no doubt that if Article 2315 is applied as it stood on and after January 1, 1961, the right of action which Henry Trahan, Jr. had at the time of his death on January 28, 1962, did not abate at his death but was inherited by his major children, the complainants herein.

Prior to January 1, 1961, and on the date of the accident herein sued upon, as well as on the date of the death of the original plaintiff in this suit, Rose Pace Trahan, Article 2315 of the LSA–Revised Civil Code read as follows:

"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children, including adopted children and children given in adoption, or spouse of the deceased, or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving blood brothers and sisters, or either of them, for the space of one year from the death. However, should the deceased leave a surviving spouse, together with minor children, the right of action shall accrue to both the surviving spouse and the minor children. The right of action shall accrue to the major children only in those cases where there is no surviving spouse or minor child or children.

"If the above right of action exists in favor of an adopted person, it shall survive in case of death in favor of the children or spouse of the deceased, or either of them, and in default of these in favor of the surviving adoptive parents, or either of them, for the space of one year from the death. However, this right of action shall survive in favor of the blood parent or parents to the exclusion of the adoptive parent or parents when at the time of the adoption the adopted was a major, or emancipated minor whose adoption was effected without the consent of the blood parent or parents evidenced in the act of adoption. In default of these, it shall survive in favor of the surviving blood brothers and sisters of the adopted person, or either of them, for the space of one year from the death.

"The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters or adoptive parent, or parents, or adopted person, as the case may be."

On and after January 1, 1961, and at the time of the death of Henry Trahan, Jr. on January 28, 1962, Article 2315, as amended, read as follows:

"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

"The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.

"The right to recover all other damages caused by an offense or quasi

offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.

"As used in this article, the words 'child', 'brother', 'sister', 'father', and 'mother' include a child, brother, sister, father, and mother, by adoption, respectively."

The sole question before the Court at this time is whether complainants' rights are now governed by Article 2315 as it was prior to its amendment, effective January 1, 1961, or whether their rights are governed by Article 2315 as amended, and as it stood at the time of their father's death.

Respondent, in support of its contention that the amendment to Article 2315 which became effective on January 1, 1961 cannot be applied retroactively to govern rights arising out of an accident which occurred prior to the effective date of the amendment, relies primarily on Maher v. Schlosser, La.App., 144 So. 2d 706; Gross v. Hartline, La.App., 144 So.2d 424; and Manuel v. Carolina Casualty Insurance Co., La.App., 136 So.2d 275. While these cases involve facts different from those here involved, nevertheless the principles enunciated therein

are applicable here. In Maher, one Aldea Maher sued for damages for personal injuries resulting from alleged malpractice of a doctor. She died on November 20, 1959, the day after her suit was filed and before issue was joined. Her niece and nephews then sought to be substituted as parties plaintiff, contending that since the deceased was never married, had no children, and never adopted anyone, they, as her heirs, inherit her right of action by virtue of Article 21 of the Louisiana Code of Practice and LSA–R.S. 13:3349. But the Court concluded otherwise. It was held that this question was governed by Article 2315 of the LSA–Revised Civil Code, and that pursuant to that Article, as it existed both at the time of the offense giving rise to the action and at the time of filing suit, the right of action possessed by deceased at the time of her death was not heritable. As to whether or not this action could be governed by the amended Article 2315, the Court said:

Whereas the offense giving rise to the present action and also the institution of the suit having occurred prior to the amendment of Article 2315, said amendment has no application. Article 2315, as amended, constitutes substantive law, and of course, they cannot be accorded a retrospective or retroactive effect.

In Gross, two major children sued for the death of their father, who died on November 29, 1959. Their suit was filed on November 18, 1960. Their mother, who was the spouse of their deceased father, died in October of 1960, before the suit was filed. The Court held that these children had no right of action. The action abated with the death of their mother. The Court stated:

"However, since this action arose in 1959 and suit was filed in 1960, long prior to the amendment to Article 2315, it must be decided under Article 2315 as it existed at the time of the accident."

In Manuel, the husband filed a suit on October 10, 1960, for the death of his deceased wife. Subsequent thereto, his

daughter filed suit on January 27, 1961, claiming the benefits of the amendment to Article 2315. The Court held that the amendment to Article 2315 conferred substantive rights, and hence, could not be applied retroactively.

Complainants in the present case contend, however, that the principles enunciated in these cases should not apply to the present case. They contend that because the amendment to Article 2315 declares the right of a survivor to recover damages under the provisions of this Article to be a property right which is inherited by his heirs upon his death, and because of the fact that this amendment to Article 2315 was effective prior to the death of their father, Henry Trahan, Jr., that upon his death, Henry Trahan, Jr. left a property right which they, the complainants, inherited. I cannot, however, subscribe to this reasoning. The right to sue for damages sustained by his deceased wife accrued to Henry Trahan, Jr. immediately upon the death of his wife on August 24, 1960. The nature of this right which accrued to him at the time became immediately fixed under the law as it then existed. At that time, under Article 2315 and under the supporting jurisprudence, such a right was not a property right. It is too well settled to require further citation of authority that prior to the amendment to Article 2315, this right of action abated upon the death of the survivor. In other words, had Henry Trahan, Jr. died prior to January 1, 1961, there can be no question but that his right of action, which accrued to him immediately upon the death of his deceased wife, would have abated upon his death. Complainants contend that the mere fact that Henry Trahan, Jr. lived beyond January 1, 1961, converted this right from a non-property right into a property right which was inheritable by them. Certainly to apply the amendment to Article 2315 in this fashion would be according it retroactive effect. This cannot be done as is clearly indicated by the cases hereinabove cited. It is nonetheless a retroactive application of a statute to apply it in such a manner as to change the nature of a pre-existing substantive right as it is to apply it in such a way as to create a substantive right retrospectively. Consequently, any right which Henry Trahan, Jr. had to sue for the damages of his deceased wife, Rose Pace Trahan, arose immediately upon her death, and the nature of this right was fixed by the law in effect at that time. Under the law as it then stood, this right was not a property right. It was not heritable and it abated upon the death of Henry Trahan, Jr.

The motion of complainants herein to be substituted as plaintiffs in the place and stead of Henry Trahan, Jr., deceased, is therefore denied, and this suit must now be dismissed.