410 So.2d 325 (1982)
Shirley Pena RODRIGUEZ, wife of/and Ignacio Rodriguez
v.
BROWN & ROOT, INC.
No. 5-139.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1982.
Kierr, Gainsburgh, Benjamin, Fallon & Lewis, Nick F. Noriea, Jr., Eldon E. Fallon, New Orleans, for plaintiffs-appellants.
Lemle, Kelleher, Kohlmeyer & Matthews, Darryl J. Foster, New Orleans, for defendant-appellee.
*326 Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
CHEHARDY, Judge.
Plaintiffs, Shirley Pena Rodriguez, wife of/and Ignacio Rodriguez, appeal a district court decision in favor of defendant, Brown & Root, Inc., and against the plaintiffs, maintaining the exception of no cause or right of action filed by the defendant and dismissing the plaintiffs' suit at their cost.
It is uncontested that on September 10, 1980, plaintiffs' deceased son was employed by the defendant and was performing work within the course and scope of his employment as an iron worker's helper when an iron beam struck the decedent, causing his death. The plaintiffs further admit that they were not dependent on their son for their support. Plaintiffs argue on appeal, however, that the provisions of LSA-R.S. 23:1231 should be applied retroactively allowing them each workmen's compensation benefits of $20,000.
Prior to its amendment in 1980, LSA-R.S. 23:1231 provided:
"For injury causing death within two years after the accident there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided, for a period of four hundred weeks. If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident."
By Acts 1980, No. 509, § 1, the following paragraph was added by amendment to that statute, effective September 12, 1980:
"However, if the employee leaves no legal dependents, the sum of twenty thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases."
This court said in Green v. Liberty Mut. Ins. Co., 352 So.2d 366, 368 (La.App. 4th Cir. 1977):
"As a general rule, laws are deemed to be prospective in effect unless their language clearly indicates otherwise. C.C. art. 8; R.S. 1:2; Churchill Farms, Inc. v. Louisiana Tax Com., 338 So.2d 963 (La. App. 4th Cir. 1976); Doucet v. Insurance Company of North America, 302 So.2d 731 (La.App. 3d Cir. 1974); 1 Planiol Treatise on the Civil Law (La.St.L.Inst. transl. 1959) §§ 254 and 255 at page 181. Exceptions to this principle are laws which are (1) interpretative (Gulf Oil Corporation v. State Mineral Board, 317 So.2d 576 (La.1975); (2) remedial or curative (Fullilove v. U. S. Casualty Company of New York, 129 So.2d 816 (La.App. 2d Cir. 1961); and (3) procedural."
In addressing itself to this issue in relation to LSA-C.C. art. 2315 and its 1961 amendment allowing major children the right to recover damages for the wrongful death of their mother and the right to maintain a survival action, even though the husband survives, the court said in Manuel v. Carolina Casualty Insurance Company, 136 So.2d 275 (La.App.3d Cir. 1961), at 278-279:
"In our opinion, Act 30 of 1960 creates, defines and regulates rights. We think counsel for plaintiff is in error in interpreting it as a statute merely prescribing the method of enforcing rights which previously existed, or of maintaining redress for their invasion. Prior to the date on which Act 30 of 1960 became effective, a major child had no right to recover damages for the wrongful death of his mother, or for the damage which his deceased mother may have recovered had she lived, if the decedent left a surviving husband. This act, however, creates a new obligation in favor of the major child where no such obligation existed before, and at the same time it reduces or limits the rights *327 formerly provided for the surviving spouse."
The court also continued at 279-280:
"Plaintiff contends, alternatively and in the event that it is determined that Article 30 of 1960 makes a change in the substantive law of this State, that the statute is remedial legislation, and that it accordingly should be applied retroactively. A `remedial statute' is defined in Black's Law Dictionary, Fourth Edition, as:
`One that intends to afford a private remedy to a person injured by the wrongful act. That is designed to correct an existing law, redress an existing grievance, or introduce regulations conducive to the public good. * * *
`A statute giving a party a mode of remedy for a wrong, where he had none, or a different one, before, * * *'
Also, in Paulsen v. Reinecke, supra [181 La. 917, 160 So. 629, 630], the Supreme Court said: `A remedial statute is one which confers a remedy and a remedy "is the means employed to enforce a right or redress an injury."'
"We find the following statement of law relating to `Remedial Statutes' in 82 C.J.S. Statutes § 416:
`While the general rule that statutes are construed as prospective only applies to remedial statutes, remedial or procedural statutes which do not create, enlarge, diminish, or destroy vested or contractual rights but relate only to remedies or modes of procedure are generally held to operate retrospectively and to apply to pending actions or proceedings, unless such operation or application would adversely affect substantive rights.' (Emphasis added.)
"In 50 American Jurisprudence, Statutes, Sec. 15, the following language is used:
`Sec. 15. Statutes Regarded as Remedial.Legislation which has been regarded as remedial in its nature includes statutes which abridge superfluities of former laws, remedying defects therein, or mischiefs thereof implying an intention to reform or extend existing rights, and having for their purpose the promotion of justice and the advancement of public welfare and of important and beneficial public objects, such as the protection of the health, morals, and safety of society or of the public generally. Another common use of the term "remedial statute" is to distinguish it from a statute conferring a substantive right, and to apply it to acts relating to the remedy, to rules of practice or courses of procedure, or to the means employed to enforce a right or redress an injury. It applies to a statute giving a party a remedy where he had none or a different one before. A statute which gives a remedy for an injury against the person by whom it is committed to the person injured, and limits the recovery to the amount of loss sustained, or to cumulative damages as compensation for the injury sustained, falls within the class of remedial statutes. Sometimes, the statute itself declares its remedial nature.' (Emphasis added.)
"Counsel for plaintiff concedes that the term `remedial' is sometimes used interchangeably with the word `remedy,' referring to procedure. It is argued, however, that this term is also used to refer to the `reform' or `correction' of undesirable legislation. In either case, he argues, remedial legislation is to be applied retrospectively unless the contrary appears.
"It seems to us that the term `remedial statute' has been applied (1) to a law relating to procedure, that is a law which relates solely to the remedy which may be employed to enforce or to protect a right which already exists; or (2) to a statute which makes a change in the substantive law of the State, but which is designed to correct an inadvertent error made in some prior statute or to change a law which has been found to be undesirable in some respect. If the statute is remedial in the sense that it makes only a procedural change in the law, then we think such a statute generally should be given *328 retroactive effect unless the legislature has indicated by appropriate language that it should not be applied retroactively. If the statute, on the other hand, makes a change in the substantive law of the State whether such change is designed to correct errors in provisions of prior laws or simply to amend the law for the public good, then we think such a statute should be construed to operate prospectively only, unless the words employed show a clear intention that the statute should have a retroactive effect. McGuirt v. Gillespie, 141 La. 586, 75 So. 419; Dehan v. Hotel and Restaurant Employees, etc., La.App. 2 Cir., 159 So. 637; Paulsen v. Reinecke, supra; Oil Well Supply Co. v. Red Iron Drilling Co., 210 La. 222, 26 So.2d 726; General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417; Rossville Commercial Alcohol Corp. v. Dennis Sheen Transfer Co., Inc., Orl., 18 La.App. 725, 138 So. 183 (Cert. denied).
"In this case we have already determined that Act 30 of 1960 makes a change in the substantive law, that it is not remedial legislation in the sense that it relates only to procedure, and accordingly we conclude that it cannot be given retroactive effect unless the Legislature has specifically indicated that it should be given that effect."
We cannot agree with appellant's contention that the amendment to LSA-R.S. 23:1231 does not "create" a new cause of action but that it simply provides a different means by which parents can recover death benefits under the act, and is, therefore, remedial or procedural. Prior to the date on which the amendment to LSA-R.S. 23:1231 became effective, a non-dependent parent did not have a right to receive workmen's compensation benefits in the event of the death of his or her child. This amendment creates a new cause of action, therefore, where none existed before. It is, accordingly, substantive and cannot be applied retroactively.
For the reasons assigned, the trial court decision is affirmed.
AFFIRMED.