417 So.2d 445 (1982)
William J. GUSTE, Jr., Attorney General, et al.
v.
Joseph H. BURRIS, Legislative Auditor.
No. 14957.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
Writ Granted October 1, 1982.
*446 David E. Henderson, Asst. Atty. Gen., Baton Rouge, for plaintiff-appellant William J. Guste, Jr., Atty. Gen., For The State of La.
Robert E. Harroun, III, Legal Counsel to Legislative Auditor, Baton Rouge, for defendant-appellee Joseph H. Burris, Legislative Auditor, for The State of La.
Before LEAR, CARTER and LANIER, JJ.
CARTER, Judge.
This is a suit for declaratory judgment brought by the Attorney General of the State of Louisiana pursuant to La.R.S. 33:2201 et seq. for law enforcement officer survivor benefits on behalf of Pearl Johnson Courville, the widow of a municipal police officer killed in the line of duty and their son, Ricky Joseph Courville. From a judgment denying plaintiff's claim for benefits, plaintiff has appealed.
*447 The issue on this appeal is whether the decedent, at the time of his death, was a "law enforcement officer" within the meaning of La.R.S. 33:2201 so as to enable his surviving spouse and dependent child to the survivor benefits afforded therein.

FACTS
It is not disputed that Officer Julius T. Courville was shot and killed while on routine patrol for the Henderson Police Department on August 26, 1978. Pearl Johnson Courville and Ricky Courville are the surviving spouse and dependent child of Officer Courville. Officer Courville suffered death as the result of an injury arising out of and in the course and performance of his official duties as a municipal police officer. He had been employed by the Town of Henderson from August 24, 1978 until his death on August 26, 1978. Having only been employed as a municipal police officer for three days, he was not receiving state compensation at the time of his death.

SPECIFICATION OF ERRORS
The appellant argues that the trial court erred as follows:
1. In holding that the widow and minor child of a municipal police officer killed in the course and scope of the performance of his official duties were not entitled to the survivor benefits provided for in La.R.S. 33:2201 et seq.
2. In construing R.S. 33:2201(B) in a manner which renders a portion of it meaningless.
3. In construing R.S. 33:2201(B)(3) in a manner which ignores the spirit of the statute and which produces harsh, unjust and absurd results.
4. In not deciding the case on the basis of the law existing at the time of its decision.
La.R.S. 33:2201, prior to amendment by Act 382 of 1979, provides in pertinent part as follows:
"A. It is hereby declared to be the public policy of this state, under its police power, to provide for the financial security of surviving spouses and dependent children of law enforcement officers where such officers suffer death as a result of any injury arising out of and in the course of the performance of his official duties as such officer, or arising out of an activity, while on or off duty, in the protection of life or property.
B. Law enforcement officers, within the meaning of this Section, shall include:
(3) Those municipal police officers to whom state compensation is or may be paid as provided by law." (Emphasis added)
La.R.S. 33:2201(B)(3) necessarily refers to La.R.S. 33:2218.2 which provides in pertinent part as follows:
"A. In addition to the compensation now paid by any municipality included in this Subpart to any police officer, every police officer employed by any municipality which employs one or more police officers who devotes his full working time to law enforcement shall be paid by the state extra compensation as follows:
(1) One hundred fifty dollars per month for each full-time municipal law enforcement officer who has completed or who hereafter completes one year of service.
(2) One hundred seventy-five dollars per month for each full-time municipal law enforcement officer who has completed or who hereafter completes three years of service.
(3) Two hundred dollars per month for each full-time municipal law enforcement officer who has completed or who hereafter completes six years of service."[1]
The trial court held that Officer Courville did not fall within the class of "law enforcement officer" so as to entitle his survivors to benefits under La.R.S. 33:2201. The trial court further held that *448 La.R.S. 33:2218.2 sets out those municipal police officers to whom state compensation is or may be paid and that, defendant did not fall within any other categories outlined. The survivors were held not to be eligible for benefits. We agree.
Although decedent was a municipal police officer at the time of his death and died in the course of performance of his official duties, under the express language of La. R.S. 33:2201(B)(3) he did not fall within any of the categories set forth. He was not a municipal police officer to whom state compensation was or could be paid.
Under La.R.S. 33:2218.2, a police officer could only be paid state compensation after he completed one year of service assuming that he fell within the classification requirement set forth in paragraph (c) of that section.
La.Civ. Code art. 13 requires, with respect to the application and constructions of laws, that when a law is clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. We have consistently held that when a law is free and clear from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Had the legislature intended to include decedent in the class of "law enforcement officers," it could have easily done so with appropriate language. In 1979, it so included all "municipal police officers employed on a full-time basis," by Act 382 of 1979.
Appellant next contends that the trial court erred in construing La.R.S. 33:2201(B) in a manner which renders a portion of its meaningless. In essence, appellant contends that the phrase "or may be paid" in La.R.S. 2201(B)(3) refers to officers not yet having completed one year of service, but includes those that would be eligible after having completed one year of service. Stated another way, appellant contends that this section applies not only to municipal officers actually receiving pay and municipal officers who would be eligible for said pay, but also to municipal police officers who at the end of one year would be eligible for pay. Further, appellant contends that the phrase "may be paid" can not be held to address police officers fitting into the class of officers entitled to state supplemental pay and which have completed one year of service because La.R.S. 33:2218.2 mandates that the officer shall be paid by the state extra compensation. These arguments overlook the clear and unambiguous provisions of La.R.S. 33:2201 and La.R.S. 33:2218.2. Although this last mentioned article mandates the state to pay to all full-time municipal law enforcement officers who have completed at least one year of service and who fall within the class enumerated in Section 2(c), there could be numerous reasons for the state not to pay same. The officer could refuse to accept the pay, through error an eligible officer could be omitted from the list of payees, etc. In such cases, although not being paid compensation, the officer would still have been a law enforcement officer under the "or may be" provision. This provision is not meaningless and was intended to afford benefits to the survivors of municipal police officers who were otherwise entitled to be paid state compensation, but, for whatever reason were not.
Appellant contends that the trial court's interpretation of La.R.S. 33:2201 was such as to render certain portions of it meaningless and said interpretation violated the general rule of statutory interpretation requiring the constructing of a statute so as to avoid harsh, unjust or absurd results. Appellant contends that since a police cadet of a political subdivision when assigned to Police duty and performing police duties would be covered under the act. However, once the cadet graduates and if employed by a municipality and (under the act then in existence) if killed while performing official duties would not be covered under the act for the first year.
It is clear that the intent of the applicable acts was to provide for the financial security of surviving spouses and dependent children of law enforcement officers. At this period of time, the legislature had seen fit to limit the definition of "law enforcement officers," to those individuals enumerated *449 in Subparagraphs 1-12 of La.R.S. 33:2201(B). At the time of Officer Courville's death, unfortunately, the law did not include him and did not include any other municipal police officer who had not completed one year of service to become eligible for state compensation. Commendably, the legislature has since substantially amended these statutes to include all municipal police officers employed on a full-time basis.
As concerns the applicability of these statutes to police cadets, certainly this was clearly within the legislative function. However, this addition can not affect non-legislative changes to other parts of the statute. See La.Civ. Code art. 13. Even if the legislature erred in expressing its intent, it is not the function of the judicial branch to legislate, but rather the legislature itself. See Gill Trailer & Equip. Rentals, Inc. v. S. D'Antoni Inc., 282 So.2d 714 (La.1973) and Rada v. Administrator, Div. of Emp. Sec., State, D. of L., 319 So.2d 460 (La.App. 4th Cir. 1975).
Counsel for appellant contends that Act 382 of 1979 which became effective September 7, 1979, should be applied retroactively since appellant contends that Act 382 was merely a clarification provision and at most a curative or remedial statute designed to insure families of law enforcement officers killed in the line of duty within the first year of service a right to their claim to survivor benefits. Appellant further cites the case of Fullilove v. U.S. Casualty Company of New York, 129 So.2d 816 (La.App. 2d Cir. 1961) to support his contention that the court should decide a case in accordance with the law existing at the time of its own decision "... even though, by doing so, it requires the reversal of a judgment which was proper at the time of its rendition."
In Fullilove, suit was filed against various parties including the State of Louisiana. Under the Louisiana Constitution then in effect, legislative immunity of the state could not be waived by the legislature. After the decision of the lower court, the Constitution was subsequently amended allowing the legislature to waive immunity for suit. The amendment of La.Const. art. III, § 35 (1921), expressly provided that the legislature had authority to authorize suit against the state, to waive immunity of the state from suit and liability, and expressly provided for retroactive application of the amendment. In Fullilove, the court stated:
"The 1960 amendment operates retrospectively; and it was so intended. This fact does not, however, render it unconstitutional. The Constitution is the supreme law, to which all legislative acts and all ordinances, rules, and regulations of creatures of the Legislature must yield."
The court further held that in view of the clear constitutional amendment, the court was to apply the law as set forth in the Constitutional amendment, even though different from the law as of the time that the injuries and death were sustained. From the above, it is clear the Fullilove is not appropriate to the instant case.
Officer Courville was killed August 26, 1978 and suit was filed on August 10, 1979. Act 382 of 1979, amending La.R.S. 33:2201(B)(3)[2] took effect on September 7, 1979. Judgment was signed by the trial judge on July 15, 1981.
The trial court concluded that Act 382 was not in effect at the time of decedent's death and in the absence of a specific provision within the amendment to the contrary, concluded that it did not act retroactively. The trial court held that the law in existence at the time of decedent's death (the law prior to the 1979 amendment) was to be applied in this case and we agree. The general principle of non-retroactivity of laws is set forth in LSA-C.C. art. 8 which provides:
"A law can provide only for the future; it can have no retrospective operation, nor can it impair the obligation of contracts."
La.R.S. 1:2 provides:

*450 "No Section of the Revised Statutes is retroactive unless it is expressly so stated."
This general rule of prospective application applies only to substantive law as distinguished from merely procedural or remedial laws which are to be given retroactive effect in the absence of language showing a contrary intention. Lott v. Haley, 370 So.2d 521 (La.1979); Johnson v. Fournet, 387 So.2d 1336 (La.App. 1st Cir. 1980). Additionally, any statute can expressly provide for retroactive application provided it does not disturb constitutionally vested rights. Bostick v. Intern. Minerals & Chemical Corp., 360 So.2d 898 (La.App. 2d Cir. 1978).
La.Const. art. III, § 19 provides:
"All laws shall take effect on the 16th day after final adjournment of the session in which they were enacted and shall be published prior thereto in the official journal of the state as provided by law. However, any bill may specify an earlier or later effective date."
Act 382 of 1979 amending La.R.S. 33:2201(B)(3) only stated, "All municipal police officers employed on a full-time basis," and did not expressly provide for retroactive application. It also did not specify an earlier effective date. Clearly, had the legislature intended the amendment to apply retroactively, it could have easily so provided in the amendment; this it did not do.
The distinction between substantive and procedural laws is relatively clear. If a statute merely prescribes the method of enforcing a right which previously existed, or maintaining redress for the invasion of rights, it is classified procedural. However, if the act creates a new obligation where no such obligation existed before, it is substantive. Manual v. Carolina Casualty Insurance Company, 136 So.2d 275 (La.App. 3rd Cir. 1961), certiorari denied.
Finally, Act 382 of 1979 can not be considered a "remedial" statute or one to correct an "inadvertent error", since a remedial act only makes a procedural change in the law and is primarily a law relating to procedure or the remedy that may be employed to enforce or protect a right which already existed. Since this act made a change in the substantive law of the state (whether to correct errors in prior laws or simply to amend the law for the public good) such an act must be construed to operate prospectively only unless the words employed show a clear intention that the statute should have a retroactive effect. Manual case, supra. Fullilove v. U. S. Casualty Company of New York, supra.
The trial judge properly applied the law in effect at the time of decedent's death. The law was clearly written, did not provide for retroactive effect, and did not include decedent at the time of his death.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] Act 384 of 1980 amended the above provision to reduce the monthly payment from $150.00 to $140.00 and to reduce the tenure requirement from one year to three months.
[2] Act 382 of 1979 as previously set forth, amended La.R.S. 33:2201(B)(3) to read as follows:

"All municipal police officers employed on a full-time basis."