BOUTALL, Judge.
Plaintiff appeals from the trial court’s dismissal, on the grounds of res judicata, of his suit for compensation for oyster leases which he formerly held in state waters. We maintain the granting of the exception of res judicata.
Six of the seven leases at issue in this suit are the same leases on which we rendered a decision in Vujnovich v. Louisiana Wildlife and Fisheries Commission, 376 So.2d 330 (La.App. 4th Cir.1979). We refer to our decision in that case for the factual background surrounding these leases and an explanation of how the original litigation arose.
In the suit now before us, appellant Peter Vujnovich contends that a change in the law subsequent to our first decision has resulted in his being afforded new rights and remedies with regard to the state’s refusal to renew his oyster bed leases. He has demanded compensation for loss of oysters, loss of seed oysters, loss of shells, loss of improvements, and attorney’s fees, for a total of $4,700,000.00. For the reasons which follow we conclude that the first judgment on these leases was definitive as to appellant’s right to any form of compensation and that he is not now entitled to bring a new action based on those leases.
Appellant has argued at length that the trial court erred in sustaining the exception of res judicata because the requirements of La.C.C. Art. 2286 have not been met.
Article 2286 provides:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
In essence appellant argues that the “thing demanded” and the “cause of action” in the first and second suits are not identical. In the first suit Vujnovich demanded renewal of his leases or damages for the state’s failure to renew. The second suit, now before us, demands “compensation” for leases not renewed, in accordance with the 1980 amendments to L.S.A. R.S. 56:434, which appellant contends are to be retroactively applied to him.
We find appellants arguments to be without merit, because the issue of the state’s liability to him has already been litigated, and because L.R.S. 56:434 is not retroactive in nature. In the prior appeal on these six oyster leases we held that under the then existing language of R.S. 56:426 and R.S. 56:453 neither was the state compelled to renew said leases nor was the state liable to Mr. Vujnovich in damages for failure to renew. This we held in October of 1979. Subsequently, in 1981, the subpart of Title 56 of our Revised Statutes which deals with the oyster industry was amended and re-enacted. Where formerly there was no provision for compensation, La.R.S. 56:434(B) now provides:
“Upon or following the designation or location of any oyster seed ground, the department may negotiate for and acquire existing oyster leases required to be abandoned or surrendered which are found within the limits of the designated area. The department shall compensate the leaseholder for oysters, seed oysters, shells, and other improvements found on the private leases required to be abandoned or surrendered, out of funds appropriated by the legislature. Such compensation shall be determined by an independent marine surveyor appointed by the department with the concurrence of the leaseholder, at the current-day value of the improvements on the grounds affected.”
If the compensation envisioned in La.R.S. 56:434(B) is considered as damages, then appellant’s second suit is barred by res judi- *143 cata since the state has previously been adjudged not liable for the damages then requested and appellant cannot bring another suit on the same basis asking an additional item of damages not included therein. Furthermore, whatever be the nature of the compensation afforded, the statute now provides a right, where formerly none existed, and this constitutes a material change in the law. Our jurisprudence is well settled that a substantive change in the law is not to be applied retroactively, unless there is clear evidence of the legislature’s intent to that effect. See Rodriguez v. Brown & Root, 410 So.2d 325 (La.App. 4th Cir.1982) and cases cited therein. Our review of the statute, and of the entire subpart of Part VII, Chapter I, Title 56, discloses no such intent.
At the time when appellant’s six leases expired and were not renewed by the state, the remedy which he now demands did not exist. He can not be heard to argue that a statutory amendment made almost two years after the judgment became definitive in his first suit, is applicable to his state of facts. And we would note, in passing, that the language of the new statute, mandating compensation for leases “required to be abandoned or surrendered” does not mention any remedies for the state’s decision not to renew leases at the end of their term. Assuming, but not deciding, that this issue is relative to a disposition of appellant’s rights under this appeal, we would be required to notice the failure to disclose a cause of action in the pleadings, as authorized in C.C.P. article 927.
Therefore, since the issue of the state’s liability to appellant for its refusal to renew the six oyster leases has been fully litigated previously, the law between these parties has been settled and the exception of res judicata is maintained.
The judgment is affirmed.