Marti P. TESSIER, Plaintiff-Appellant,

v.

H.S. ANDERSON TRUCKING CO.,
Defendant-Appellee.

No. 83–3084
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 29, 1983.

Leger & Mestayer, Michael J. Mestayer, New Orleans, La., for plaintiff-appellant.

Craig R. Nelson, New Orleans, La., for defendant-appellee.

Before BROWN, TATE and HIGGIN-BOTHAM, Circuit Judges.

TATE, Circuit Judge:

In this Louisiana diversity case, the plaintiff wife seeks recovery for non-pecuniary damages ("loss of consortium, loss of services, and loss of society") resulting from a non-fatal vehicular collision in 1981 causing injury to her husband through the alleged fault of the defendant Company. She bases her claim upon her analysis of Louisiana codal articles in the light of civilian methodology, contending that under the proper interpretation of Louisiana's civil-law-based Civil Code articles 2315 and 1934(3), this type of damages has always been recoverable. She contends that a recent 1982 amendment of article 2315 recognizing the right of spouses to sue for such type of non-pecuniary losses[1] was interpretative or

---

1. La.Civ.Code article 2315 provided at the time of the accident, in relevant part:
   *Art. 2315. Liability for acts causing damage; survival of action*
   Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
   *     *     *     *     *     *

The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse....
The 1982 amendment to this article, effective September 10, 1982, added the following paragraph:

remedial in effect, merely removing a bar that had been judicially created to this type of damages, which were always legislatively allowable under the Code.

Despite the plaintiff's imaginative and persuasive contentions, we—*Erie*-bound to follow Louisiana jurisprudential interpretations as they are, not as academic scholars say they should have been—affirm the district court's dismissal of this suit for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

■ Despite the plaintiff's argument that civilian methodology commands a different result, a consistent and long-established line of Louisiana jurisprudence has refused, sometimes reluctantly but in deference to early high-court precedent, to recognize a cause of action for mental damage to persons other than the tort victim in non-fatal personal injury cases.[2] Prior to the 1982 Louisiana amendment, Louisiana judicial interpretations have, consistently with this doctrine, denied a spouse's claim for loss of consortium resulting from non-fatal accidents.[3] In the absence of controlling Louisiana law to the contrary, we are *Erie*-bound to follow the consistently stated Louisiana jurisprudential rule insofar as it is applicable to her claim of injury resulting from the pre-1982-accident to her husband.

■ Nor are we persuaded by the plaintiff's argument that the 1982 amendment to article 2315 should be given retrospective effect as merely interpretative or curative, rather than as creating a new cause of action. This amendment (enacted subsequent to the collision but prior to the date on which the plaintiff's cause of action would have prescribed had it been viable), if applied retroactively, would permit the plaintiff to assert her cause of action for non-pecuniary damages. However, absent a clearly expressed legislative intention to the contrary (concededly not here present), Louisiana courts have granted only prospective application to legislative enactments that create a new cause of action or affect substantive rights. La.Civ.Code art. 8;[4] *Rodriguez v. Brown & Root, Inc.*, 410 So.2d 325, 328 (La.App. 4th Cir.1982); *Manuel v. Carolina Casualty Insurance Company*, 136 So.2d 275, 279 (La.App. 3rd Cir.1961).

As previously explained, no cause of action existed for loss of consortium in non-fatal injury cases prior to the effective date of the 1982 amendment. As reiterated by a Louisiana appellate court in *Rodriguez, supra*, (citing many Louisiana decisions and, relying particularly upon *Manuel, supra*, which had rejected an argument, similar to the one made here, that an earlier amendment to Article 2315 was interpretive or remedial in nature rather than substantive),

> [t]his amendment creates a new cause of action, therefore, where none existed before. It is, accordingly, substantive and cannot be applied retroactively.

*Rodriguez, supra*, 410 So.2d at 328.

Accordingly, we AFFIRM the district court judgment dismissing the plaintiff's suit inasmuch as no cause of action for loss of consortium existed under Louisiana law at the time of her husband's injury, and

---

> Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.

2. *Black v. The Carrollton Railroad Company*, 10 La.Ann. 33, 38 (La.1855); *Lanham v. Woodward, Wight & Company, Ltd.*, 386 So.2d 131, 134 (La.App. 3rd Cir.), *writ denied*, 392 So.2d 668 (La.1980); *Brauninger v. Ducote*, 381 So.2d 1246, 1247 (La.App. 4th Cir.1980); *Parker v. St. Paul Fire & Marine Insurance Company*, 335 So.2d 725, 738 (La.App. 2d Cir.), *writ refused*, 338 So.2d 700 (La.1976); *Hickman v. Parish of East Baton Rouge*, 314 So.2d 486, 488 (La.App. 1st Cir.), *writ denied*, 318 So.2d 59 (La.1975).

3. *Waldrop v. Vistron Corporation*, 391 So.2d 1274 (La.App. 1st Cir.), *writ denied*, 394 So.2d 281 (La.1980); *Bourque v. American Mutual Liability Insurance Company*, 345 So.2d 237, 238 (La.App. 3rd Cir.1977).

4. La.Civ.Code article 8 provides,

> *Art. 8. Prospective operation; laws impairing obligation of contracts*
> Art. 8. A law can prescribe only for the future; it can have no retrospective operation, nor can it impair the obligation of contracts.

because the 1982 amendment to article 2315, affecting substantive rights, may not be applied retroactively.

AFFIRMED.